## PEOPLE v. PIASECKI.

1. CONSTITUTIONAL LAW—POLICE POWER—CRIMINAL SEXUAL PSYCHOPATHIC PERSONS—STATUTES.

The purpose of the criminal sexual psychopathic act was to provide for the commitment and treatment of persons, charged or convicted of crime, who, while not insane or feeble-minded, should not be classed as criminals in the ordinary sense of the term and subjected to punishment as such for acts resulting from the psychopathic condition or mental disorder and as an exercise of the police power is designed to provide for the protection of the public (CL 1948, § 780.501 et seq.).

2. SAME—POLICE POWER—LEGISLATURE.

The exercise of the inherent police power of the State is vested in the legislative department.

3. SAME—CRIMINAL LAW—STATUTES.

The power of the courts with reference to the prevention and detection of crime and prosecution and punishment of criminals is derived from statute (CL 1948, § 750.1 et seq.; § 760.1 et seq.).

4. SAME—CRIMINAL SEXUAL PSYCHOPATHIC PERSONS—STATUTES.

The power of the courts to protect the public against the acts of persons suffering from mental disorders, including criminal sexual psychopathic persons, is derived from statute (CL 1948, § 780.501 et seq.).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 4, 7, 10, 11] 28 Am Jur, Insane and Other Incompetent Persons § 29.
[1, 4, 7, 10, 11] Constitutionality, construction, and application of statutes relating to persons irresponsible as to sexual matters. 126 ALR 535.
[2, 10, 11] 11 Am Jur, Constitutional Law § 305.
[3, 4] 14 Am Jur, Criminal Law § 17.
[5, 6] 11 Am Jur, Constitutional Law §§ 92, 96, 128.
[8–11] 11 Am Jur, Constitutional Law § 180 et seq.

5. STATUTES—BURDEN OF ESTABLISHING INVALIDITY.

Party claiming a statute to be invalid has the burden of pointing out the limitations on the power of the legislature that have been exceeded.

6. SAME—PRESUMPTIONS.

A statute will be presumed to be constitutional by the courts, unless the contrary clearly appears.

7. CONSTITUTIONAL LAW—STATUTES—CRIMINAL SEXUAL PSYCHOPATHIC PERSONS.

The criminal sexual psychopathic act is a valid and proper exercise of State police power as a measure of public safety (CL 1948, § 780.501 *et seq.*).

8. SAME—DIVISION OF POWERS.

The requirement of the Constitution that no person belonging to one department of government shall exercise powers properly belonging to another does not mean they must be kept wholly and entirely separate and distinct and have no common link of connection or dependence but rather that the whole power of one department shall not be exercised by the same hands which possess the whole power of either of the other departments (Const 1908, art 4).

9. SAME—DIVISION OF POWERS—DUE PROCESS.

Whether the exercise of some of the power which, strictly speaking, belongs to one department of government may be exercised by persons belonging to another department is for the determination of the State and its determination one way or the other cannot be an element in the inquiry whether due process of law has been observed when dealing with matters involving life or liberty (US Const, am 14; Mich Const 1908, art 4).

10. SAME—DIVISION OF POWERS—LEGISLATURE—COURTS—CRIMINAL SEXUAL PSYCHOPATHIC PERSONS.

Statutory requirement that if it be found at any time before sentence that one accused of crime be a criminal sexual psychopathic person and committed as such rather than be treated as a criminal, does not substitute one sentence for another as punishment for crime, since such finding presumptively establishes conclusively that the act for which the prosecution has been instituted was committed, if at all, by one of unsound mind, and does not exceed the powers vested in the legislature by assumption to itself exercise of functions inherently judicial in character (Const 1908, art 4; CL 1948, § 750.501 *et seq.*).

11. SAME—DIVISION OF POWERS—LEGISLATURE—COURTS—CRIMINAL
SEXUAL PSYCHOPATHIC PERSONS—JURISDICTION.

  The mandatory duty of the court to conduct an inquiry under the
  criminal sexual psychopathic act at the instance of the defend-
  ant or someone on his behalf, does not constitute an unconsti-
  tutional legislative interference with the power of a court in
  a criminal prosecution, since the court's jurisdiction with re-
  spect to criminal prosecution is derived from statute and sub-
  ject to modification thereby, such act granting to the court
  a measure of authority it did not have before the amended act
  was originally enacted (Const 1908, art 4; CL 1948, § 780.501
  *et seq.*, as amended by PA 1950 [Ex Sess], No 25).

REID, J., dissenting.

Appeal from Recorder's Court for City of De-
troit; Holbrook (Donald E.), J., presiding. Sub-
mitted October 17, 1951. (Calendar No. 45,005.)
Decided April 7, 1952.

Thomas Albert Piasecki was convicted of rape.
Defendant's attorney petitioned for examination un-
der criminal sexual psychopathic act. Defendant
committed to custody of State hospital commission.
Motion by prosecuting attorney to set aside com-
mitment. Motion denied. The people appeal. Af-
firmed.

*Frank G. Millard,* Attorney General, *Edmund E.*
*Shepherd,* Solicitor General, *Gerald K. O'Brien,*
Prosecuting Attorney, *Ralph Garber,* Chief Assist-
ant Prosecuting Attorney, and *Garfield A. Nichols*
and *George W. Miller,* Assistant Prosecuting Attor-
neys, for the people.

*Henrietta E. Rosenthal,* for presiding judge.

REID, J. (*dissenting*). On leave granted, plaintiff
appeals from an order entered on September 26,
1950 by a circuit judge acting as judge of the re-
corder's court for the city of Detroit, which denied
plaintiff's motion to set aside the commitment (un-

der PA 1939, No 165, as amended) of defendant as
a criminal sexual psychopathic person, to set aside
the judgment determining said defendant to be a
criminal sexual psychopathic person, and to dismiss
the petition of counsel for the defendant for the ex-
amination of said defendant by a psychiatrist and
to proceed to sentence the defendant under the con-
viction by the jury on June 28, 1950 for common-law
rape.

Defendant was arraigned for examination before
the recorder's court on March 29, 1950 on a com-
plaint and warrant charging him with the offense
of rape* (ordinarily called common-law rape).  He
waived examination and was arraigned in trial court
on the information on April 13, 1950, and pleaded
not guilty.  On June 15, 1950, a sanity hearing was
held and defendant was found not to be insane and
ordered to stand trial.  Defendant was tried and
convicted of rape by a jury which returned its ver-
dict on June 28, 1950.  On July 7, 1950, the attorney
for defendant filed a petition to have defendant ex-
amined by psychiatrists under the criminal sexual
psychopath law, PA 1939, No 165, as amended by
PA 1947, No 242 (CL 1948, § 780.501 *et seq.* [Stat
Ann 1949 Cum Supp § 28.967 (1) *et seq.*]), and fur-
ther amended by PA 1950 (Ex Sess), No 25, which
amendatory act was approved June 9, 1950, and
ordered to take immediate effect.  The petition was
granted on July 10, 1950.  On July 31, 1950, a hear-
ing was held by the court without a jury and defend-
ant was adjudged to be a criminal sexual psycho-
pathic person and an order was entered on the same
day committing the defendant to the custody of the
State hospital commission.

On August 13, 1950, the prosecuting attorney of
Wayne county, plaintiff herein, filed the motion

---

* See CL 1948, § 750.520 (Stat Ann § 28.788).—REPORTER.

above referred to. On September 26, 1950, an order was entered denying the said motion.

Plaintiff's statement of the question involved in this case is as follows:

"Where an act of the legislature makes it mandatory upon a court to institute  *  *  *  separate proceedings in reference to a defendant in a criminal case, after a conviction of said defendant, but before sentence, which said separate proceedings provide for à mandatory disposition of said defendant under the said act and prohibits the court from making a final disposition of the criminal case, is such act unconstitutional as an encroachment upon the judicial powers of the court by the legislative department of the government?"

Plaintiff contends that PA 1950 (Ex Sess), No 25, amending PA 1939, No 165, is unconstitutional insofar as its provisions make it mandatory upon the court, where the petition required by the act is filed by the prosecutor or attorney general or filed on behalf of the accused after the defendant has been convicted for a crime and has not as yet been sentenced: (1) To accept a petition and appoint 3 psychiatrists to personally examine the defendant as an alleged criminal sexual psychopathic person; (2) to conduct a hearing with or without a jury to determine whether or not the defendant is a criminal sexual psychopathic person; (3) to commit the defendant if determined to be such criminal sexual psychopath, to the custody of the State hospital commission to be confined in an appropriate State institution.

The defendant in the criminal case, appellee herein, does not claim that he is a feeble-minded person, and claims the provisions of the act complained of by plaintiff are valid and constitutional.

In the case of *People* v. *Frontczak,* 286 Mich 51, we had under consideration the question of the constitutionality of PA 1937, No 196 (CL 1948, § 769.1

*et seq.* [Stat Ann 1949 Cum Supp § 28.1072 *et seq.*]).
In that case we determined (syllabi):

"Statute providing for examination of prisoner,
serving sentence for an overt act, who appears 'to
be a sex degenerate' and appears 'to be suffering
from a mental disorder characterized by marked
sexual deviation, with tendencies dangerous to pub-
lic safety' by court having jurisdiction of place of
confinement and for hospitalization or institutional-
ization, if a part of code of criminal procedure
which it purports to amend, is void as subjecting
him to 2 trials and convictions in different courts
for a single statutory crime; if not for a single of-
fense then 1 trial is for a penalized overt act and
the other for no statutory offense but triable by
jury of another vicinage; if not under such code
then the statute is no amendment or addition to it
and is a mere estray or nullity (PA 1937, No 196,
§ 1b).

"Due process of law is not afforded in merely
providing procedure for hospitalization with cura-
tive treatment, of sane persons who may be sex de-
generates where no provision is made declaring
them amenable to compulsory restraint because they
are such persons (US Const, am 14; Mich Const
1908, art 2, § 16; PA 1937, No 196, § 1b).

After the decision on October 5, 1938, of the
*Frontczak Case, supra,* PA 1939, No 165, was en-
acted by the legislature.

On May 18, 1942, we decided the case of *People*
v. *Chapman,* 301 Mich 584. On pages 601–603 in the
*Chapman Case,* we refer to and quote with approval
from the *Frontczak Case:*

"In the case of *People* v. *Frontczak,* 286 Mich 51,
the majority opinion held PA 1937, No 196, § 1b
(CL Supp 1937, § 17329-2, Stat Ann 1938 Cum Supp
§ 28.1073 [1]), unconstitutional. Such statute re-
lated to the confinement of sex deviators after con-

viction and sentence. The majority opinion by Mr. Justice Wiest stated, p 58:

" 'We must class it where we find it placed by its authors, and we find it in the mentioned criminal code chapter relating to judgments and sentences in criminal cases.

" 'The attorney general contends that it is a civil proceeding and analogous to statutory inquests relative to insane prisoners, which is civil in nature.

" 'It is obvious that in such instances the inquest bears no relation to the conviction; jurisdiction attaches because of insanity. In the instance at bar jurisdiction is not given until after conviction and the prisoner is averred to be sane and change in confinement under sentence is contemplated for, while undergoing hospitalization, he gets credit on his sentence.

" 'Hospitalization with curative treatment and measures may be desirable but, *until the law makes a sane person amenable* to compulsory restraint as a sex deviator, it falls short of due process in merely providing procedure.

" 'Under this act defendant is under sentence for an overt sex deviation offense and, as a potential like offender, it is sought to keep him in confinement under exercise of the police power. The police power, under such circumstances, is not a civil proceeding, comparable to that in cases of insane persons.'

"We are satisfied that the present statute is distinguishable and contains none of the constitutional infirmities of the previous statute relating to sex deviators, which was held unconstitutional in the *Frontczak Case.* The statute involved in such case was, as stated in the majority opinion, placed in the criminal-code chapter relating to judgments and sentences in criminal cases. The present statute is not contained in either the code of criminal procedure or the penal code. It makes sex deviators subject to restraint because of their acts and condition, and not because of conviction and sentence for a criminal offense. It does not extend or impose an added or

different sentence under the guise of hospitalization.
The procedure under this statute resembles a statutory inquest for the commitment of an insane person accused of a felony. (CL 1929, § 17241 [Stat Ann § 28.967].) Proceedings under the present statute are not criminal in nature and, therefore, are not circumscribed by the constitutional and statutory limitations surrounding a person accused of, or tried for, a crime. *People* v. *Janek,* 287 Mich 563; *In re Liggett,* 187 Cal 428 (202 P 660); *In re Bresee,* 82 Iowa 573 (48 NW 991).

"Defendant next contends that the present statute is unconstitutional in that it denies him due process of law guaranteed by Michigan Constitution (1908), art 2, § 16, because it 'permits 2 psychiatrists and also a court to declare a man a "criminal person" who has never been convicted of a crime.'

"Defendant's counsel seeks to limit the language of the statute to a *'criminal person.'* The statute does not use the term 'criminal person,' but in its title and in several sections the term *'criminal sexual psychopathic person'* is used. The 2 psychiatrists who made the examination and report provided for in the statute could not make a final determination that defendant was a criminal sexual psychopathic person. The psychiatrists' report is only for the help and guidance of the court in determining whether further proceedings should be conducted. Only the court or a jury, if demanded, could make a final determination as to whether or not defendant was a criminal sexual psychopathic person."

It is evident that in the *Chapman Case* we did not intend to overrule the part of our opinion quoted from the *Frontczak Case,* but differentiated the statute governing the *Frontczak Case* from that governing the *Chapman Case.*

Further, at page 608 of the *Chapman Case,* we say:

"Defendant's argument that the statute encroaches upon the jurisdiction of the court, because it elimi-

nates the right of the court to place the individual on probation, is without foundation. Such argument is postulated on the erroneous assumption that the present proceedings are criminal in character."

By PA 1947, No 242, the following paragraph was added to section 7 of the act (CL 1948, § 780.507 [Stat Ann 1951 Cum Supp § 28.967 (7)]):

"As long as such psychopath shall remain in the custody of the department of mental health of the commission he shall be examined at least once a year by 2 psychiatrists appointed by the commission who shall report in writing their findings including therein any facts tending to show appearance of recovery, to the committing court and to the commission. These reports shall thereafter be available to such committed person's attorney for use in petitions for discharge, and also as evidence at any hearings on such petitions if so requested by petitioner, by the prosecutor or by the court."

Also, section 8 was amended to read as follows (CL 1948, § 780.508 [Stat Ann 1951 Cum Supp § 28.967 (8)]):

"No person who is found in such original hearing to be a criminal sexual psychopathic person and such finding having become final, may thereafter be tried or *sentenced* upon the offense with which he originally stood charged, or convicted, in the committing court at the time of the filing of the original petition." (Italics supplied.)

By PA 1950 (Ex Sess), No 25, section 1 was amended to read as follows:

"Any person who is suffering from a mental disorder and is not feeble-minded, which mental disorder is coupled with criminal propensities to the commission of sex offenses is hereby declared to be a criminal sexual psychopathic person."

PA 1939, No 165, contained a definition of the person subject to the act as follows (CL 1948, § 780.501 [Stat Ann 1949 Cum Supp § 28.967 (1)]):

"Any person who is suffering from a mental disorder and is not insane or feeble-minded, which mental disorder has existed for a period of not less than 1 year and is coupled with criminal propensities to the commission of sex offenses is hereby declared to be a criminal sexual psychopathic person."

It is to be noted that in the definition in the first section of the statute, as amended by PA 1950 (Ex Sess), No 25, the words, "not insane or" and also the words, "has existed for a period of not less than 1 year and" are omitted, and thus that the phrase, "criminal sexual psychopathic person," could include an insane person.

The first sentence of section 4 was amended by the act of 1950 to read as follows:

"Upon the filing of such statement by the prosecuting attorney or the attorney general the court shall, or if filed on behalf of the accused the court *shall,* appoint 3 psychiatrists qualified by at least 5 years of exclusive practice in psychiatric diagnosis and treatment and chosen from a list consisting of not less than 6 compiled by the department of mental health to make a personal examination of such alleged criminal sexual psychopathic person who shall file with the court a report in writing of the results of their examination together with their conclusions."   (Italics supplied.)

The last sentence of section 5 was amended by the act of 1950 to read as follows:

"If such person is determined to be a criminal sexual psychopathic person, then the court shall commit such person to the State hospital commission to be confined in an appropriate State institution under the jurisdiction of either the State hospital com-

mission or the department of corrections until the superintendent of the institution shall have reasonable grounds to believe that such person has recovered from such psychopathy."

Plaintiff appellant in the instant case complained particularly of the following words in the act of 1950 as changing the nature of the act in question to such an extent as to render the act unconstitutional, notwithstanding what we said in the case of *People* v. *Chapman, supra,* the words complained of having been by amendment incorporated in the act since the decision of the case of *People* v. *Chapman,* which words are as follows, in section 3: "Or has been convicted of or has pleaded guilty to such offense and has been placed on probation, or has been convicted or pleaded guilty to such offense but has not yet been sentenced," and, also, the words in section 4: "Or prior to sentence if he then stands convicted and has not been placed on probation, or prior to completion of probation sentence," all which words so complained of by plaintiff we find void as encroaching on the jurisdiction of the court.

*People* v. *Hilles,* 327 Mich 124, decided February 28, 1950, was a case in which the defendant had been charged with murder, and by his petition in which he alleged himself to be a criminal sexual psychopathic person, sought to have the court appoint 2 psychiatrists to examine him as such psychopathic person, in which case we say, pages 126, 127:

"CL 1948, § 780.503 (Stat Ann 1949 Cum Supp § 28.967 [3]) permits the filing of the 'statement in writing' by the prosecuting attorney, attorney general, or someone in behalf of the person charged. CL 1948, § 780.504 (Stat Ann 1949 Cum Supp § 28.967 [4]) provides that when such statement is filed by the prosecuting attorney or attorney general the court *shall,* or if filed on behalf of the accused the court *may,* appoint the 2 psychiatrists to

examine the accused. From the use of the word 'shall' in the first instance and 'may' in the second, it is evident, as parties agree, that the legislature intended to leave the question of whether the 2 psychiatrists should be appointed to the *discretion* [Italics supplied.] of the trial judge when the petition therefor is filed by someone in behalf of the accused. Was the court's refusal so to do in this case, as defendant claims, an abuse of sound judicial discretion?"

Our determination in the *Hilles Case* was that the statute (as it then existed before the act of 1950 was enacted), left the appointment of 2 psychiatrists to the discretion of the court when the statement was filed by the accused, and the statute of 1950 by amendment to section 4 of the act assumed to take away the discretion of the court as to whether the psychiatrists should be appointed. In the first sentence in section 4 of the act, the word "may" as contained in PA 1939, No 165, as amended by PA 1947, No 242, is amended by PA 1950 (Ex Sess), No 25, to read "shall," as italicized by us in the portion of section 4 above cited, of which amendment plaintiff also complains.

In the *Hilles Case, supra,* we held that the court's refusal to appoint the psychiatrists was not an abuse of discretion. We assumed that under the statute, as it existed before the act of 1950, the court had such discretion, which discretion the act of 1950 would take away from the court. There is nothing in our opinion in the *Hilles Case* that gives support to the proposition that the legislature may properly and constitutionally deprive the court of discretion as to the appointment of psychiatrists, as to commitment to custody of State hospital commission, or as to sentencing or placing defendant on probation after conviction of a felony.

The section of the Constitution vesting judicial power to which reference is made by plaintiff is Const 1908, art 7, § 1, which is as follows:

"The judicial power shall be vested in one Supreme Court, circuit courts, probate courts, justices of the peace and such other courts of civil and criminal jurisdiction, inferior to the Supreme Court, as the legislature may establish by general law, by a two-thirds vote of the members elected to each house."

CL 1948, § 726.11 (Stat Ann § 27.3561), in part reads as follows:

"The said recorder's court shall have original and exclusive jurisdiction of all prosecutions and proceedings in behalf of the people of this State, for crimes, misdemeanors, and offenses arising under the laws of this State, and committed within the corporate limits of the city of Detroit, except in cases cognizable by the police court of the city of Detroit, or by the justices of the peace of said city; and shall have power to issue all lawful writs and process, and to do all lawful acts which may be necessary and proper to carry into complete effect the powers and jurisdiction given by this act, and especially to issue all writs and process, and to do all acts which the circuit courts of this State, within their respective jurisdictions, may, in like cases, issue and do by the laws of this State."

"The circuit court had jurisdiction of the defendant upon the filing in the circuit court of the return of the magistrate." *In re Elliott,* 315 Mich 662, 675.

Some of the cases in which we have declared statutes unconstitutional or discussed supposed unconstitutionality of statutes for encroachment on the jurisdiction of courts, are: *Brown* v. *Kalamazoo Circuit Judge,* 75 Mich 274 (5 LRA 226, 13 Am St Rep 438); *People* v. *Cummings,* 88 Mich 249 (14 LRA 285); *People* v. *Stickle,* 156 Mich 557; *People, ex rel. Attorney General,* v. *Holschuh,* 235 Mich 272;

and *In re Southard,* 298 Mich 75. See, also, *Risser* v. *Hoyt,* 53 Mich 185, in which case we said, pages 192, 193:

"By article 6 of our Constitution the judicial power is vested in one Supreme Court, in circuit courts, in probate courts, and in justices of the peace. * * * The *judicial* power referred to is the authority to hear and decide controversies, and to make binding orders and judgments respecting them. *Daniels* v. *People,* 6 Mich 381; *Underwood* v. *McDuffee,* 15 Mich 361 (93 Am Dec 194)." (Italics supplied.)

As before noted, in *People* v. *Chapman, supra,* we say at page 608:

"Defendant's argument that the statute encroaches upon the jurisdiction of the court, because it eliminates the right of the court to place the individual on probation, is without foundation. Such argument is postulated on the erroneous assumption that the present proceedings are criminal in character."

In the *Chapman Case,* we did not determine that it was mandatory that the court commit the defendant to the custody of the State hospital commission after the defendant had been found to be a criminal sexual psychopathic person. That question was not involved in the *Chapman Case.* The trial court in that case had acted on the prosecuting attorney's petition under PA 1939, No 165 (after information was filed but before conviction) and after a hearing, the court determined Chapman to be a criminal sexual psychopathic person and committed him to the custody of the State hospital commission. The legality of that commitment (questioned by Chapman) was the one, direct issue before us in the *Chapman Case.*

The issue in the instant case is the discretion of the court to commit or not to commit to the custody of the State hospital commission, and whether the

criminal court can be deprived of the constitutional jurisdiction to proceed with disposition of the criminal case. However, as distinguished from the situation and nature of the proceedings as set forth in the *Chapman Case,* in the instant case (upon filing of a petition concerning defendant as psychopathic) the statute undertakes to mandatorily deprive the trial court in a felony case of its authority and jurisdiction to pronounce the sentence after the guilt of the accused has been determined (which determination of course necessarily involves a determination that he is not insane).

As the statute stood at the time of the decision in the *Chapman Case,* it could be construed as being directory and not mandatory that the court should entertain the psychopathic proceedings up to a final disposition, but with the incoming of the amendments to the statute as made in the act of 1950, some of those amendments are of such a nature as to plainly reveal the intention of the legislature to make the act mandatory and not merely directory. As noted, the question was not in the *Chapman Case* for consideration as to whether the statute was mandatory or merely directory and even if it had been an issue in the *Chapman Case,* there would have been no occasion for finding the statute unconstitutional if considered as being directory only. Those portions of the statute of 1950 which plainly indicate an intent of the legislature to make it mandatory and not merely directory that the court should entertain and follow out the psychopath proceeding to final disposition thereof regardless of defendant's conviction are considered by plaintiff as offending against the Constitution and as constituting an encroachment by the legislature upon the constitutional jurisdiction of the court.

A court that has been properly created under our State Constitution with jurisdiction of criminal mat-

ters has constitutional jurisdiction to grant or to deny such a statutory petition for commitment as is contemplated by the statute of 1939, as amended, of a defendant convicted of a felony, whether the petition for treatment or hospitalization is signed by the prosecuting attorney or by the defendant or on his behalf. It was competent for the legislature to *enlarge* the court's facilities and provide implementation for necessary treatment or hospitalization of defendant as found by the court to be necessary. It is not competent for the legislature to *decrease* the jurisdiction of the court in determining the necessity for or the ordering of such treatment, where the court has obtained jurisdiction of the defendant in a criminal case subject to a proper proceeding in such criminal case to determine his sanity.

The statute as amended by PA 1950 (Ex Sess), No 25, encroaches upon the criminal jurisdiction of the recorder's court and it is to the extent of the operation of the words complained of by plaintiff, void; notwithstanding which voidance we still find remaining within the discretion of the court a proceeding for commitment to the custody of the State hospital commission.

It is unnecessary in this case that we determine whether after the court has once exercised its discretion and committed the accused or convicted felon found to be psychopathic, to the custody of the State hospital commission, there would be any constitutional reason forbidding the legislature to deprive the criminal court of the right and authority to rescind that commitment and put the defendant (when convicted) on probation or sentence him to prison.

But before the court in the exercise of its discretion determines whether to sentence to the State prison or to commit to the custody of the State hos-

pital commission, a defendant who has been found not insane but has been convicted of a felony and afterwards found to be a criminal sexual psychopathic person, there could arise several questions for the court's consideration pertaining to the general safety of the public, deterrent effect on other criminals, possibility of cure of the defendant of his propensity and other pertinent matters. Under such circumstances, the court must be considered as jurisdictionally and constitutionally vested with discretion to determine whether to sentence to the State prison as a convicted felon or commit to the custody of the State hospital commission, as a criminal sexual psychopathic person. Defendant Piasecki though found psychopathic has also been found not insane, and he is therefore responsible for his criminal acts.

Under the act in question and the construction and application thereof as contended for by defendant, sane and insane, curable and incurable, convicted or unconvicted of felony, psychopaths are all alike mandatorily to be committed to the custody of the State hospital commission.

The trial court was in error in concluding that the court had no discretion to sentence to State prison rather than to commit to the custody of the State hospital commission a defendant convicted of felony but found psychopathic, and in concluding that the mandatory provisions of PA 1939, No 165, as last amended by PA 1950 (Ex Sess), No 25, do not encroach upon the judicial power of the court, and in deciding not to proceed with the disposition of the criminal case. The commitment made, not in exercise of discretion but in pursuance of such errors, should be reversed.

The court still has discretion, in view of the finding that defendant is not insane, to redetermine whether to commit defendant to the custody of the

State hospital commission, or to sentence him in pursuance of his conviction of rape.

The cause should be remanded to the trial court with instruction to set aside the commitment under PA 1939, No 165, as amended, and proceed to sentence or otherwise dispose of the criminal case of People v. Thomas Albert Piasecki, recorder's court file No A-59275, under the conviction by the jury in its verdict entered on June 28, 1950, or to commit to the custody of the State hospital commission. No costs, a question of public importance being involved, and neither party having in full prevailed.

CARR, J. Defendant was prosecuted in the recorder's court of the city of Detroit under an information charging a violation of CL 1948, § 750.520 (Stat Ann § 28.788). On June 28, 1950, the jury returned a verdict of guilty of rape and the trial court set July 10th following for imposition of sentence. Counsel for the defendant then filed a petition under the provisions of PA 1939, No 165, as amended by PA 1947, No 242, and PA 1950 (Ex Sess), No 25,* which measure makes provision for the commitment of criminal sexual psychopathic persons and the procedure to be observed in connection therewith. The last amendatory act cited became effective on June 9, 1950. In accordance with the terms of the statute the court appointed 3 qualified psychiatrists to examine defendant and to make the required statutory report as to their findings and conclusions. Following the filing of such report a hearing was had before the court without a jury. It was determined that defendant was a criminal sexual psychopathic person, and he was committed to the care of the State hospital commission in accordance with the statute.

---

* See CL 1948, § 780.501 et seq., as amended by PA 1950 (Ex Sess), No 25 (Stat Ann 1951 Cum Supp § 28.967[1] et seq.).

Following the action above referred to, the prosecuting attorney. of Wayne county filed a motion in the cause to set aside the order of commitment, together with the determination on which it was based, and for sentence of defendant on the verdict of guilty rendered by the jury in the criminal prosecution. Said motion was based on the claim that PA 1950 (Ex Sess), No 25, by which sections 1, 3, 4 and 5 of the criminal sexual psychopathic act were amended, was unconstitutional insofar as it sought to impose the mandatory duty upon the court, after conviction in a criminal case, to proceed under the statute and to commit the defendant to the care of the State hospital commission if found, on hearing, to be a criminal sexual psychopathic person. The provisions questioned were claimed to "constitute an encroachment upon the judicial powers of the court" by the legislative department of the State government, in violation of article 4, §§ 1, 2, of the State Constitution relating to the division of governmental powers. The trial judge came to the conclusion, after listening to the argument of counsel, that the objection to the validity of the statute was not well founded and denied the motion. On behalf of the people an appeal has been taken, on leave granted, to this Court. It is urged that the order of the trial court was erroneous for the reason alleged in the motion and that it should in consequence be set aside.

While the arguments advanced in the instant case are directed primarily to the validity of the amendatory act of 1950, it appears that other provisions of the statute are also open to objection if appellant's claim is well founded. As originally adopted in 1939 the statute defined the expression "criminal sexual psychopathic person," vested jurisdiction over such persons in the circuit courts of the State, the recorder's court of the city of Detroit and the superior court of the city of Grand Rapids, and provided for

the filing of a statement by the prosecuting attorney of the county or the attorney general of the State in a criminal proceeding pending in any of said courts setting forth facts tending to indicate that the defendant in the case was a criminal sexual psychopathic person within the meaning of the term as defined by the legislature. On the filing of such statement it was made the duty of the trial court to appoint 2 qualified psychiatrists to make a personal examination of the defendant and to file a written report of the results thereof together with their conclusions and recommendations.

In the event that such reports indicated defendant to be subject to the provisions of the statute, the court was required to conduct a hearing, before a jury if demanded, to determine whether defendant was in fact suffering from the mental disorder referred to in the statute. If such issue was determined affirmatively, commitment of such person to the State hospital commission to be confined in an appropriate State institution under the jurisdiction of the commission, or of the department of corrections, until full and permanent recovery from such psychopathy, was mandatory. Further provisions of the statute related to the matter of paroles in certain cases and to proceedings for the discharge of one claimed to have recovered from the condition leading to his commitment. The act also prohibited any further proceeding in the criminal prosecution following a finding that the defendant was a criminal sexual psychopathic person.

The amendments to the statute made by PA 1947, No 242, expressly authorized the filing of a petition by the prosecuting attorney of the county or the attorney general in a criminal proceeding, after conviction and before sentence or if the defendant had been placed on probation, and the right to present the question as to the defendant's alleged mental

disorder was extended to defendant or to one acting in his behalf. However, the court, while in terms required to act on the petition of the prosecutor or the attorney general, was granted discretion with reference to proceeding under a petition filed on behalf of the accused. See *People* v. *Hilles,* 327 Mich. 124, 126. Other modifications made by the act of 1947 are not material in the instant controversy. Under the amendment of 1950, directly challenged in the instant case, the court is required to proceed with the appointment of 3 psychiatrists on the filing of a sufficient statement on behalf of the defendant as well as on such filing by the prosecutor or the attorney general. If the proceeding results in a finding of the existence of the mental disorder referred to in the statute, commitment is required to be made to the State hospital commission.

By the adoption of the act here in question the legislature sought to provide for the protection of the public against persons who, while not insane or feeble-minded, present a serious problem. The method prescribed for the care and treatment of such persons rests on the theory that because of their mental condition they should not be classed as criminals in the ordinary sense of the term, nor subjected to punishment as such for acts resulting from the psychopathic condition or mental disorder. In keeping with such conclusion a method of inquiry, wholly separate and apart from proceedings under the criminal law of the State, was prescribed for determining the situation with reference to the existence of the psychopathy in question on the part of one accused of a criminal act, with further provision for commitment and treatment in a suitable institution of the State until the mental disorder is cured, or alleviated to such an extent as to permit the release of the one so detained without endangering the public safety or welfare. Obviously we are dealing

with an exercise of the police power of the State, and the question presented is in substance whether, in exercising such power in the manner indicated, the legislature has violated any constitutional limitation or mandate by an unwarranted interference with the exercise by the courts of inherent judicial functions.

The exercise of the inherent police power of the State is vested in the legislative department. That legislation of the character in question here is within the scope of such power is not open to question. The measure of control exercised in connection with the prevention and detection of crime and prosecution and punishment of criminals is set forth in the statutes of the State pertaining thereto, particularly the penal code* and the code of criminal procedure.† The powers of the courts with reference to such matters are derived from the statutes. The prosecution of the defendant in the instant case on the criminal charge against him was based thereon. A like situation obtains with reference to the protection of the public against the acts of persons suffering from mental disorders.

Having asserted the invalidity of the statute, or certain provisions thereof, the burden rests on the appellant of pointing out the limitations on the power of the legislature that have been exceeded. *In re Brewster Street Housing Site,* 291 Mich 313, 335. All doubts must be resolved in favor of the validity of the action of the legislature. In *Cady* v. *City of Detroit,* 289 Mich 499, 505, it was said:

"A statute will be presumed to be constitutional by the courts unless the contrary clearly appears; and in case of doubt every possible presumption not

* PA 1931, No 328, as amended (CL 1948, § 750.1 *et seq.,* as amended [Stat Ann and Stat Ann 1951 Cum Supp § 28.191 *et seq.*]).

. † PA 1927, No 175, as amended (CL 1948, § 760.1 *et seq.,* as amended [Stat Ann and Stat Ann 1951 Cum Supp § 28.841 *et seq.*]).

clearly inconsistent with the language and the subject matter is to be made in favor of the constitutionality of legislation. *Scott* v. *Smart's Executors,* 1 Mich 295; *Sears* v. *Cottrell,* 5 Mich 251; *Thompson* v. *Auditor General,* 261 Mich 624. Every reasonable presumption or intendment must be indulged in favor of the validity of an act, and it is only when invalidity appears so clearly as to leave no room for reasonable doubt that it violates some provision of the Constitution that a court will refuse to sustain its validity. A statute is presumed to be constitutional and it will not be declared unconstitutional unless clearly so, or so beyond a reasonable doubt. *Attorney General, ex rel. Barbour,* v. *Lindsay,* 178 Mich 524; *Bowerman* v. *Sheehan,* 242 Mich 95 (61 ALR 859)."

The foregoing language was quoted with approval in *1426 Woodward Avenue Corp.* v. *Wolff,* 312 Mich 352, 369, 370. See, also, *Naudzius* v. *Lahr,* 253 Mich 216 (74 ALR 1189, 30 NCCA 179); *People* v. *Victor,* 287 Mich 506 (124 ALR 316); 16 CJS, p 542.

As above pointed out, the criminal sexual psychopathic act as originally adopted in 1939 contained provisions mandatory in form with reference to the conducting of the prescribed inquiry and the commitment of one found to be within the terms of the statute. The constitutionality of that act was· assailed in *People* v. *Chapman,* 301 Mich 584. Its validity was upheld as against the objections urged. However, a specific objection analogous to that made in the instant case, based on the claim that mandatory provisions of the statute constituted an encroachment on the judicial powers of the courts in violation of provisions of the State Constitution relating to the division of the powers of government, was not urged. It was pointed out by the Court that the statute was not penal in nature and that the procedure provided for therein was comparable to

that prescribed for the commitment of persons alleged to be insane. Following a discussion and rejection of arguments based on specific provisions of the State and Federal Constitutions, it was said:

"Defendant does not claim that the statute is an improper exercise of State police power. Though the question is not directly raised, we are satisfied that the statute is a valid and proper exercise of State police power as a measure of public safety. *Buck* v. *Bell,* 274 US 200 (47 S Ct 584, 71 L ed 1000); *Zucht* v. *King,* 260 US 174 (43 S Ct 24, 67 L ed 194); *Jacobson* v. *Massachusetts,* 197 US 11 (25 S Ct 358, 49 L ed 643); *Compagnie Francaise de Navigation a Vapeur* v. *Louisiana State Board of Health,* 186 US 380 (22 S Ct 811, 46 L ed 1209); *Lindsay* v. *Lindsay,* 257 Ill 328 (100 NE 892, 45 LRA NS 908, Ann Cas 1914A 1222); *People* v. *Niesman,* 356 Ill 322 (190 NE 668); 39 Columbia Law Review, pp 534–537.

"We conclude that the statute in question is constitutional and that the proceedings in the present case were regular and proper."

In *People* v. *Palm,* 245 Mich 396, the mandatory provisions of the code of criminal procedure with reference to the sentencing of so-called habitual criminals (PA 1927, No 175, chap 9, §§ 12, 13) were attacked on constitutional grounds. Among other objections it was contended that the sections in question were invalid because they deprived courts of the right to exercise discretion. In rejecting the argument, it was said:

"It is urged that the mandatory provision deprives the trial court of exercising a discretion in the imposition of sentence. Under our system of State government, the legislature makes the law, the governor executes it, and the courts construe and enforce it. In *People* v. *Smith,* 94 Mich 644, 646, this Court said:

" 'Upon the legislature alone is conferred the power to fix the minimum and maximum of the punishment for all crimes.'

"The courts have no discretionary power in this respect unless it be conferred upon them by law. Under its mandate, murder in the first degree is punished by life imprisonment. Courts have no inherent power to modify a statute in this respect to meet exceptional cases."

See, also, *In re Palm,* 255 Mich 632.

In the case of *In re Southard,* 298 Mich 75, provisions of the code of criminal procedure, above cited, relating to indeterminate sentences were involved and their validity questioned on the ground that the legislature had attempted an improper delegation of power to the judiciary. In rejecting the contention it was held:

"The constitutional provision that the powers of government are divided into 3 great departments and that no person belonging to one department shall exercise powers properly belonging to another does not mean they must be kept wholly and entirely separate and distinct and have no common link of connection or dependence but rather that the whole power of one department shall not be exercised by the same hands which possess the whole power of either of the other departments and whether the exercise of some of the power which, strictly speaking, belongs to one department may be exercised by persons belonging to another department is for the determination of the State and its determination one way or the other cannot be an element in the inquiry whether due process of law has been observed when dealing with matters involving life or liberty (US Const, am 14; Mich Const 1908, art 4)." (syllabus, par 7)

With reference generally to the right of the legislature under the police power to adopt measures

for the protection of the public and for the promotion of the public welfare see *People* v. *Ruthenberg,* 229 Mich 315; *People* v. *Immonen,* 271 Mich 384.

In the instant case the legislature has not undertaken to say, as the argument of counsel for appellant seems to imply, that the court must substitute one sentence for another as a punishment for crime if it is found on inquiry that the defendant is a criminal sexual psychopathic person. As pointed out in *People* v. *Chapman, supra,* such inquiry is not a criminal proceeding and the commitment to the State hospital commission is not a sentence. Rather the statute provides for the detention until cured of one afflicted with the mental disorder in question, which is deemed to be of such character as to render it necessary and expedient from the standpoint of the public welfare to place him in confinement. When it is found in the course of a criminal proceeding, at any time before sentence, that the accused is afflicted with such disorder, the legislative requirement is that he may not be treated as a criminal. Presumptively such finding is deemed to establish conclusively that the act for which the prosecution has been instituted was committed, if at all, by one of unsound mind who should be dealt with accordingly. In making such provision the legislature has not exceeded the limit of the powers vested in it. It has not assumed to itself exercise functions inherently judicial in character.

Appellant's argument does not rest on the theory of an improper usurpation of judicial authority but on the claim that if the jurisdiction of the court in the criminal case has attached, there may be no interference with such jurisdiction. As before pointed out, however, the power of the court is derived from the statute, enacted by the legislature and subject to modification thereby. The prescribed inquiry to ascertain the mental condition of the defendant in

a criminal prosecution grants to the court a measure of authority that it did not previously have. Thus the proceeding which may result in depriving the court of the power to impose sentence on the accused is as a practical proposition a judicial inquiry which the legislature, in the enactment of the statute in question, had the right to require for the proper protection not only of the accused but of the public generally.

We are not dealing with a situation in which the legislature has undertaken to interfere with the exercise of strictly judicial prerogatives in the trial of cases, as in *People* v. *McMurchy,* 249 Mich 147; *Harker* v. *Bushouse,* 254 Mich 187, and other decisions of like import. Such decisions are not in point in the instant controversy. We are concerned here with the power of the legislature to create substantive rights and to provide for the protection thereof in matters that are clearly within the scope of the police power of the State. We are in accord with the statement, above quoted, from the opinion of the Court in *People* v. *Chapman, supra.*

The trial court correctly determined that the statutory provisions, questioned by the prosecuting attorney, are not invalid for the reason urged. Such provisions do not constitute an unwarranted interference with inherent powers of the courts. Incidental issues raised by counsel are sufficiently covered by the foregoing discussion and do not require further consideration. The order denying the motion to set aside the finding and commitment under the criminal sexual psychopathic act, and to proceed to sentence on the verdict of the jury, is affirmed.

NORTH, C. J., and DETHMERS, BUTZEL, BUSHNELL, SHARPE, and BOYLES, JJ., concurred with CARR, J.