SECRETARY OF STATE *v.* BERRIEN COUNTY BOARD OF ELECTION COMMISSIONERS.

1. ELECTIONS—VOTING MACHINES—PAPER BALLOTS—ORDER OF PLACING NAMES OF CANDIDATES.

Names of candidates for State, county, and other offices to be voted on at an election are to be placed first on voting machines and, if there is not room on such machines for names of candidates for local offices, such latter names are to be placed on paper ballots (CLS 1961, §§ 168.585, 168.775).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 18 Am Jur, Elections §§ 174-179, 213.

2. Same—Secretary of State—County Board of Election Commissioners.

> It is the duty of county boards of election commissioners to follow directives of the secretary of State that he makes pursuant to statutes and regulatory powers conferred upon him for the conduct of elections under the statutes (CLS 1961, §§ 168.31, 168.775).

Petition by James M. Hare, Secretary of State, against the Berrien County Board of Election Commissioners for order compelling compliance with administrative directive for preparation of voting machines and ballots for primary election. Submitted August 7, 1964. (Calendar No. 34, Docket No. 50,918.) Order entered August 11, 1964. Opinion filed September 2, 1964.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James R. Ramsey* and *Harry G. Iwasko, Jr.,* Assistant Attorneys General, for plaintiff.

*Ronald H. Lange,* Prosecuting Attorney, Berrien County, for defendant.

Per Curiam. On July 31, 1964, plaintiff issued an order directed to defendants, Berrien county board of election commissioners, and other like boards in this State, reading as follows:

"By virtue of the power vested in me by section 168.31 of the Compiled Laws of 1948 of the State of Michigan,* I, James M. Hare, Secretary of State, do hereby direct that in municipalities where voting machines are used, the national, State and county tickets shall appear on the voting machine. If, after the national, State and county tickets have been placed on the machine it is impossible to place city

---

* CLS 1961, § 168.31 (Stat Ann 1963 Cum Supp § 6.1031).—Reporter.

or township contests on the voting machine in such a way that a separate primary lever must be pulled for the partisan city or township election and proper provision is made for write-in candidates, the city and township contests shall be printed on a separate paper ballot and shall be processed as they would be in paper ballot precincts. Exception may be made to this directive to the extent that the city or township ballot may be placed on a separate voting machine when sufficient machines are available.

"The names of nonpartisan candidates shall appear on the voting machine to the extent possible.

"Issued this 31st day of July, 1964.

/s/ JAMES M. HARE
James M. Hare
Secretary of State"

On August 7, 1964, plaintiff filed in this Court a petition setting forth that he had been informed by defendants that, starting on that date, the ballots for use in Berrien county would be printed in a manner violative of his said order. The petition concluded with a prayer that defendants be restrained from printing the ballots other than in accordance with the instructions set forth in his above order, and that this Court issue its peremptory order of mandamus compelling defendants to print ballots in Berrien county in accordance with those instructions.

The contention of defendants and of a township board within Berrien county was that because the voting machines are the property of the people of the township it was beyond the power of the plaintiff to order or direct the manner of their use and competent for the township board to direct, as they did by resolution adopted, use of the voting machines at the September 1, 1964, primary election for the nomination of township offices and to direct that nominations for Federal, State, district and county offices be by voting on paper ballots to be provided

by the appropriate State and county election officials. The controversy appears to have arisen from the fact that there were more candidates for all offices of the different governmental levels than could have their names placed on the machines.

Defendants relied on CLS 1961, § 168.585 (Stat Ann 1956 Rev § 6.1585), as authority for their determining what names shall be voted for on the machines. It reads as follows:

"Any voting machine which is by law authorized to be used at a general election may, by the order of the board of supervisors of any county, the legislative body of any city, the township board of any township, or the village council of any village, be purchased and used therein at primary elections in like manner and to the same extent that such machines may be used at general elections, and in case there are more candidates than can have their names placed on any such machines so to be used, or in case such machine is so constructed that an elector cannot vote for candidates of more than 1 political party, then it shall be the duty of the proper election commission to designate what names shall be voted for on the machines, and to print the remaining names upon proper ballots in such manner as nearly as may be that the political party or parties polling the largest vote in such county for secretary of State at the last preceding election shall be placed upon the machine, and the candidates of smaller parties shall be placed upon ballots, but all the candidates of any party shall either be upon the machine or upon a ballot."

It appearing, as alleged by plaintiff, that an emergency situation was presented, requiring immediate action by this Court for preparation of ballots in time for use for the impending primary election, an order of this Court issued on August 11, 1964, containing the following concluding paragraph:

"It is ordered that defendants, Berrien county board of election commissioners, proceed forthwith to print ballots and arrange and make use of voting machines available and in use within the county of Berrien, in the manner directed in said order of the secretary of State. An opinion will follow."

This is the prophesied opinion.

CLS 1961, § 168.775 (Stat Ann 1963 Cum Supp § 6.1775), provides in part:

"Where candidates for local offices in any city, village or township are to be voted for at the same election with State or county candidates, the names of the candidates for such office shall be placed last upon such voting machines, following the names of candidates for State, county and other offices to be voted for at such election, and the name of the local unit shall be prominently printed on the ballot to indicate the portion of the ballot on which the names of the local candidates appear. The order in which the names of such candidates for local offices shall be placed upon such machines shall be prescribed by the board of election commissioners of the city, village or township, as the case may be."

CLS 1961, § 168.31 (Stat Ann 1963 Cum Supp § 6.1031), provides in part:

"The secretary of State in addition to other powers and duties conferred upon him shall have the power and it shall be his duty:

"(1) To prepare rules, regulations and instructions for the conduct of elections and registrations in accordance with the laws of the State;  *  *  *

"(5) To prescribe and require such uniform forms, notices and supplies as he shall deem advisable for use in the conduct of elections and registrations."

Plaintiff's directive of July 31, 1964, is in accord with the above noted laws of the State. Under our holding in *Elliott* v. *Secretary of State*, 295 Mich 245,

it is defendants' duty to follow the mentioned instructions received from plaintiff.

The order of the Court issued accordingly with the approval of the Justices signatory hereto.

DETHMERS, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.

KAVANAGH, C. J., and KELLY, J., took no part in the decision of this case.