SHARP v GENESEE COUNTY ELECTION COMMISSION

Docket Nos. 82340, 83006. Submitted June 18, 1985, at Lansing.—
Decided August 20, 1985.

The Genesee County Election Commission determined that cer-
tain petitions for the recall of plaintiff, James A. Sharp, as the
Mayor of Flint were sufficiently clear to be circulated for
signatures. Plaintiff brought two actions in the Genesee Circuit
Court against the election commission and others: one, a com-
plaint for an order preventing the defendants from issuing
and circulating the petitions; the other, an appeal from the
election commission's decision. The court, Philip C. Elliott, J.,
granted summary judgment for defendants. Plaintiff appealed
as of right in the original action in circuit court and by leave
granted in the appeal to circuit court. The appeals were consoli-
dated by the Court of Appeals. The issue on appeal concerned
whether sections 23 and 952 of the Election Law violate the
separation of powers clause of the constitution by requiring a
member of the judicial branch of government to exercise pow-
ers properly belonging to the executive branch. *Held:*

The requirement of the constitution that no person belonging
to one department of government shall exercise powers prop-
erly belonging to another does not mean they must be kept
wholly and entirely separate and distinct and have no common
link of connection or dependence but rather that the whole
power of one department shall not be exercised by the same
hands which possess the whole power of either of the other
departments. Sections 23 and 952 of the Election Law do not
violate the constitutional requirement of separation of powers.

Affirmed.

1. COUNTIES — ELECTIONS — COUNTY ELECTION COMMISSIONS — CON-
STITUTIONAL LAW.

County election commissions are part of the executive branch of

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Elections, §§ 39 *et seq.*
See the annotations in the ALR3rd/4th Quick Index under Elec-
tions.

[2, 3, 4] Am Jur 2d Constitutional Law §§ 294 *et seq.*
Permissible limits of delegation of legislative power in statutes
relating to Elections. 79 L Ed 552.

government (Const 1963, art 3,§ 2; MCL 168.952, subds [3]-[5]; MSA 6.1952, subds [3]-[5]).

2. CONSTITUTIONAL LAW — SEPARATION OF POWERS.

The requirement of the constitution that no persons belonging to one department of government shall exercise powers properly belonging to another does not mean they must be kept wholly and entirely separate and distinct and have no common link of connection or dependence but rather that the whole power of one department shall not be exercised by the same hands which possess the whole power of either of the other departments (Const 1963, art 3, § 2).

3. CONSTITUTIONAL LAW — SEPARATION OF POWERS.

Whether the exercise of some of the power which, strictly speaking, belongs to one department of government may be exercised by persons belonging to another department is for the determination of the state and its determination one way or the other cannot be an element in the inquiry whether due process of law has been observed when dealing with matters involving life or liberty (Const 1963, art 3, § 2).

4. ELECTIONS — COUNTY ELECTION COMMISSIONS — SEPARATION OF POWERS — CONSTITUTIONAL LAW.

Sections 23 and 952 of the Election Law do not violate the constitutional requirement of separation of powers (Const 1963, art 3, § 2; MCL 168.23[1], 168.952; MSA 6.1023[1], 6.1952).

*Valdemar I. Washington, P.C.* (by *Valdemar I. Washington),* for plaintiff.

*Raymond J. Branch,* for Genesee County Election Commission and Genesee County Clerk.

*Larry M. Bolton,* for defendant Ronald Parker.

Before: ALLEN, P.J., and WAHLS and J. P. O'BRIEN,* JJ.

PER CURIAM. On May 16, 1984, the Genesee County Election Commission found certain peti-

* Recorder's court judge, sitting on the Court of Appeals by assignment.

tions for recall of plaintiff, James A. Sharp, from the office of Mayor of Flint to be sufficiently clear to be circulated for signatures under MCL 168.23; MSA 6.1023. On May 17, 1984, the plaintiff filed separate actions in the Genesee County Circuit Court to prevent the defendants from issuing and circulating recall petitions for his removal from office. The matter in docket no. 82340 was brought as an original action seeking to enjoin the Genesee County Clerk from issuing recall petitions and to enjoin Ronald Parker from circulating the petitions. The action in docket no. 83006 sought identical relief but was captioned as an appeal from the decision of the Genesee County Election Commission, which found the language of the petitions sufficiently clear.

On May 22, 1984, the parties stipulated to a preliminary injunction that would enjoin the Genesee County Clerk from processing any petitions for the recall of Mayor Sharp and on May 23, 1984, the Genesee County Circuit Court issued the submitted order granting a preliminary injunction. On May 31, 1984, the trial judge filed an opinion explaining his order and the status of the case at that time. On August 17, 1984, the plaintiff filed a motion for summary judgment and a brief on the issues. The defendants filed responsive briefs which accepted the plaintiff's characterization of the facts. On December 26, 1984, the trial court granted summary judgment for the defendants and dissolved the preliminary injunction. The court also affirmed the election commission's finding of clarity. On January 3, 1985, the trial judge filed a brief opinion stating his reasons for granting summary judgment for the defendants.

The plaintiff's characterization of the facts for the purposes of summary judgment is also accepted by all parties as the facts for this appeal.

The plaintiff appeals as of right in docket no. 83006 and by leave granted in docket no. 82340. On February 27, 1985, by-pass was denied by the Supreme Court on grounds that the question presented should first be reviewed by the Court of Appeals.

One issue is raised on appeal, *viz.:* Do §§ 23 and 952 of the Michigan Election Law, MCL 168.23, 168.952; MSA 6.1023, 6.1952, violate art 3, § 2 of the Michigan Constitution by requiring a member of the judicial branch of government to exercise powers properly belonging to the executive branch of government? The relevant provisions of the statutes in question read as follows:

Sec 23(1) "The chief or only judge of probate of the county or probate court district, the county clerk, and the county treasurer shall constitute a board of county election commissioners for each county, 2 of whom shall be a quorum for the transaction of business. The chief or only judge of probate of the county or probate court district and the county clerk shall act respectively as chairperson and secretary of the board. In the absence or disqualification of the county clerk from any meeting of the board of election commissioners, the board may select 1 of the county clerk's deputies to act in the county clerk's place. In the absence or disqualification of any member of the board of election commissioners other than the county clerk, the members of the board who are present shall appoint some other county officer in the absent or disqualified member's place, and the appointed county officer, on being notified, shall attend without delay and act as a member of the board." MCL 168.23(1); MSA 6.1023(1).

Sec 952(3) "The board of county election commissioners, not less than 10 days nor more than 20 days after submission to it of a petition for recall, shall meet and shall determine whether the reasons for recall stated in the petition are or are not of sufficient clarity to enable the officer whose recall is sought and the electors to identify the course of conduct which is the basis for the

recall. Failure of the board of county election commissioners to comply with this subsection shall constitute a determination that the reasons for recall stated in the petition are of sufficient clarity to enable the officer whose recall is being sought and the electors to identify the course of conduct which is the basis for the recall." MCL 168.952(3); MSA 6.1952(3).

The plaintiff argues that these statutes confer powers belonging to the executive branch of state government on a member of the judicial branch of state government in contravention of the Michigan Constitution, art 3, § 2, which states:

"Sec. 2. The powers of government are divided into three branches; legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution."

We begin our analysis by first deciding to which branch of government the Genesee County Elections Commission belongs. Upon reading the duties conferred upon it by statute, we are persuaded that the commission is part of the executive branch. Its principal function is to review recall petitions prior to their circulation to determine whether the language of the petitions is sufficiently clear to apprise the electors and the elected official who may be recalled of the conduct which is the basis of the recall. MCL 168.952(3); MSA 6.1952(3). The county election commission is also responsible for giving notice to the elected official and holding a hearing on the clarity of the petition if the official requests a hearing. MCL 168.952, subds (4) and (5); MSA 6.1952, subds (4) and (5).

Our opinion in this regard is supported by *Sec'y*

of State v Berrien County Bd of Elections Comm'rs, 373 Mich 526; 129 NW2d 864 (1964). In that case the question raised was whether the Secretary of State could order the county elections commission to use voting machines. The Supreme Court held that it was the election commission's duty to follow the instructions of the Secretary of State. 373 Mich 531. The Michigan Constitution categorizes the Secretary of State as a member of the executive branch. Const 1963, art 5, § 21. Therefore, since our Supreme Court has given the executive branch control over the actions of a county election commission, our Supreme Court must regard the county election commissions as part of the executive branch.

Having determined that the board of county election commissioners is part of the executive branch of government, and assuming, arguendo, that the board does not fall within the "except as expressly provided in this constitution" language in art 3, § 2 of the constitution,[1] we now inquire whether § 23 and § 952 of the Michigan election law violate the separation of power clause.

Plaintiff argues that under the language and decision in Dearborn Twp v Dearborn Twp Clerk, 334 Mich 673; 55 NW2d 201 (1952), a probate judge may not serve as a member of a county election commission. Plaintiff has a point. In that case plaintiff contended that a statute which established five-member township boards containing four justices of the peace violated the separation of

[1] Defendants argue that art 6, § 15 of the constitution expressly provides that probate courts may exercise nonjudicial powers. Defendants refer to the language reading "The jurisdiction, powers and duties of the probate court and of the judges therein shall be provided by law." We find it unnecessary to decide whether art 6, § 15 expressly exempts probate courts from the separation of powers clause. Even if it does not, the question remains whether the seperation of powers clause extends to and bars the Legislature from designating a judge of probate as a member of a county elections commission.

powers. The Supreme Court agreed with plaintiff, stating:

"Our government is one whose powers have been carefully apportioned between 3 distinct departments, which emanate alike from the people, have their powers alike limited and defined by the Constitution, are of equal dignity, and within their respective spheres of action equally independent. One makes the laws, another applies the laws in contested cases, while the third must see that the laws are executed. This division is accepted as a necessity in all free governments, and the very apportionment of power to one department is understood to be a prohibition of its exercise by either of the others. The executive is forbidden to exercise judicial power by the same implication which forbids the courts to take upon themselves his duties." 334 Mich 682.

Our Supreme Court stated further:

"We agree with defendant that the township board can in no sense be held to have any connection with the judicial department of the government and that it is vested with legislative, as well as certain administrative, powers which justices of the peace as judicial officers by the constitutional provisions herinbefore referred to, may not exercise." 334 Mich 686.

If *Dearborn Twp* were the only case on point, we would be constrained to hold for plaintiff in the instant suit. However, the Supreme Court has not taken a consistent position on whether the separation of powers clause should be construed so strictly. Only six months prior to *Dearborn Twp* a less strict interpretation of the separation of powers clause was handed down. In *People v Piasecki,* 333 Mich 122; 52 NW2d 626 (1952), a defendant who had been found guilty of rape was committed to a state hospital rather than sentenced to prison. The prosecutor appealed, claiming that the statute

invaded the separation of powers doctrine. The Supreme Court disagreed. Quoting from *In re Southard,* 298 Mich 75; 298 NW 457 (1941), the Court said:

" 'The constitutional provision that the powers of government are divided into 3 great departments and that no person belonging to one department shall exercise powers properly belonging to another *does not mean they must be kept wholly and entirely separate and distinct* and have no common link of connection or dependence *but rather that the whole power of one department shall not be exercised by the same hands which possess the whole power of either of the other departments* and whether the exercise of some of the power which, strictly speaking, belongs to one department may be exercised by persons belonging to another department is for the determination of the State and its determination one way or the other cannot be an element in the inquiry whether due process of law has been observed when dealing with matters involving life or liberty (US Const, Am XIV; Const 1908, art 4).' (syllabus, par 7)" (Emphasis added.) 333 Mich 146.

More recently our Supreme Court appears to be following the less strict interpretation of the separation of powers clause. In *Soap & Detergent Ass'n v Natural Resources Comm,* 415 Mich 728; 330 NW2d 346 (1982), the plaintiff claimed that a separation of powers violation occurred when the governor transferred rule-making authority from the Water Resources Commission (WRC) to the Natural Resources Commission (NRC). The plaintiff claimed that, since the WRC received its regualatory power from the Legislature, the governor had no authority to transfer that regulatory power to the NRC.

Justice (now Chief Justice) WILLIAMS analysed the doctrine of the separation of powers, stating:

"The doctrine of separation of powers is generally

attributed to Montesquieu who pinpointed the fault with the vesting of both legislative and executive functions in one branch of the government.

" 'When the legislative and executive powers are united in the same person or body* * *there can be no liberty; because *apprehensions may arise, lest the same monarch or senate should enact tyrannical laws, to execute them in a tyrannical manner.'* (Emphasis added.)

Madison, in The Federalist No. 47, clarifies Montesquieu, explaining that he did not mean there could be no overlapping of functions between branches, or no control over the acts of the other. Rather,

" '[h]is meaning* * *can amount to no more than this, that where the *whole* power of one department is exercised by the same hands which possess the *whole* power of another department, the fundamental principles of a free constitution are subverted.' The Federalist No. 47 (J. Madison).

These principles have been adopted in Michigan. Thus, while art 3, § 2, of the constitution provides for strict separation of power, this has not been interpreted to mean that the branches must be kept wholly separate. *People v Piasecki,* 333 Mich 122, 146; 52 NW2d 626 (1952); *In re Southard,* 298 Mich 75, 83; 298 NW 457 (1941)." 415 Mich 751-752.

Although *Soap & Detergent Ass'n* concerns separation of the legislative branch from the executive branch, we perceive no reason why the same interpretation of the separation of powers clause should not equally apply to the executive and judiciary branches.

In the instant case, the whole power of the judicial branch is not exercised by the same hands which possess the whole power of the executive branch. That is to say—the whole power of the county elections commission is not being exercised by the chief probate judge. Rather, the chief probate judge is only one member of a three-member panel. Acting alone, he cannot constitute a quo-

rum or in any way exercise any power of the county election commission. Furthermore, the instant situation is distinguishable from the situation in *Dearborn Twp, supra.* There, four justices of the peace served as members of a seven-member township board. As a majority of the board the justices could exercise the whole legislative and administrative powers given to townships by law.

Under the doctrine of the separation of powers as interpreted by Madison and reinterpreted in *Piasecki* and *Soap & Detergent Ass'n, supra,* the functions of the three branches of government need not be kept wholly separate. Some overlapping is permissible provided the area of one branch's exercise of another branch's power is very limited and specific. Accordingly, we find that the trial court correctly ruled that the statute in question was constitutional.

Affirmed. No costs, a question of public importance being involved.