COLLINS v DIRECTOR, DEPARTMENT OF CORRECTIONS

Docket No. 87211. Submitted March 13, 1986, at Detroit. Decided July 21, 1986. Leave to appeal applied for.

After serving more than ten years of a life sentence for a second-degree murder conviction, Herbert G. Collins became eligible for parole under MCL 791.234(4); MSA 28.2304(4). Pursuant to the statute, the parole board notified the circuit court which convicted Collins that he was eligible for parole. The circuit court judge who had succeeded the judge who sentenced Collins sent a written objection to Collins' release. Consequently, Collins remained in prison. His subsequent application for a pardon or a commutation of sentence was denied by the Governor. He then filed the instant action in the Ingham Circuit Court against the Director of the Department of Corrections, seeking inter alia a declaration that the statute, under which the circuit judge had effectively denied him parole, violated the constitutional mandate for the separation of powers. The circuit court, Jack W. Warren, J., upheld the constitutionality of the statute and dismissed plaintiff's complaint. Plaintiff appealed. *Held:*

1. Plaintiff cited no legal authority in support of his claims that his right to due process and right against double jeopardy were violated. Therefore, the Court of Appeals held that he had abandoned those claims and, accordingly, did not consider them.

2. The statute in question vests a limited, intermediate function in a judge to temporarily veto the granting of parole in a limited category of cases, subject to the final power of the Governor to release by pardon or commutation of sentence. The statute does not vest a judge with the power to pardon a prisoner or to order his early release which is vested by the constitution upon the Governor, nor does it infringe upon the

REFERENCES

Am Jur 2d, Appeal and Error §§ 545 *et seq.*
Am Jur 2d, Constitutional Law §§ 294-359.
Am Jur 2d, Pardon and Parole §§ 11-33.
See the annotations in the ALR3d/4th Quick Index under Separation of Powers; Appeal and Error; Pardon, Parole, or Probation.

exclusive jurisdiction of the Department of Corrections over pardons, reprieves, commutations and paroles.

3. A judge does not amend a valid sentence without authority by objecting to a prisoner's early release on parole under the provisions of the statute in question.

Affirmed.

1. APPEAL — PRESERVING QUESTION.

A mere statement of position without citation of authority is insufficient to bring an issue before an appellate court.

2. PRISONS AND PRISONERS — PARDONS — REPRIEVES — COMMUTATION OF SENTENCE — PAROLE.

The Department of Corrections has exclusive jurisdiction over pardons, reprieves, commutations and paroles (MCL 791.204; MSA 28.2274).

3. CONSTITUTIONAL LAW — SEPARATION OF POWERS.

The requirement of the constitution that no persons belonging to one department of government shall exercise powers properly belonging to another does not mean they must be kept wholly and entirely separate and distinct and have no common link or dependence but rather that the whole power of one department shall not be exercised by the same persons who possess the whole power of either of the other departments (Const 1963, art 3, § 2).

4. PRISONS AND PRISONERS — PAROLE — STATUTES.

The statute by which a sentencing judge or his successor in office may, upon written objection, veto the release on parole of a prisoner who has completed at least ten years of a sentence for a conviction other than first-degree murder or a major controlled substance offense does not violate the constitutional provision for the separation of powers; the statute does not vest a judge with the power to pardon a prisoner or commute his sentence, which is vested by the constitution upon the Governor, nor does it infringe upon the exclusive jurisdiction of the Department of Corrections over pardons, reprieves, commutations and paroles (Const 1963, art 3, § 2 and art 5, § 14, MCL 791.204, 791.234[4]; MSA 28.2274, 28.2304[4]).

Herbert G. Collins, *in propria persona,* and *James Sterling Lawrence,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J.*

*Caruso,* Solicitor General, and *Edgar L. Church, Jr.,* Assistant Attorney General, for defendant.

Before: BRONSON, P.J., and R. B. BURNS and J. E. TOWNSEND,* JJ.

J. E. TOWNSEND, J. Plaintiff appeals from an opinion and order issued by Ingham Circuit Judge Jack W. Warren on August 19, 1985, which determined that MCL 791.234(4); MSA 28.2304(4) did not violate the separation of powers provision of Const 1963, art 3, § 2 and dismissed plaintiff's complaint for declaratory judgment. We affirm.

Plaintiff pled guilty to second-degree murder on July 17, 1968, and was sentenced by Muskegon Circuit Judge John H. Piercey to life imprisonment. Pursuant to MCL 791.234(4); MSA 28.2304(4), plaintiff was eligible for parole after ten years, at the discretion of the parole board, unless the sentencing judge or his successor in office filed written objections thereto.

On April 22, 1983, the parole board sent a notice to Judge Piercey that plaintiff was being considered for parole. Judge Michael E. Kobza, successor to Judge Piercey, on May 19, 1983, sent a letter to the parole board objecting to plaintiff's release. On January 8, 1985, plaintiff filed an application for pardon or commutation of sentence, which was denied by the Governor on or about March 4, 1985.

Plaintiff's challenges in terms of due process and double jeopardy were not supported by any citations of case law or other authority. A bare statement of position without authority is insufficient to place such issues before an appellate court. *People v Federico,* 146 Mich App 776, 797; 381 NW2d 819 (1985); *People v Sullivan,* 97 Mich App 488, 491; 296 NW2d 81 (1980), lv den 412 Mich 902

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(1982). Therefore, such issues have been abandoned.

The sole issue for decision is whether MCL 791.234(4); MSA 28.2304(4) violates the separation of powers provision contained in Const 1963, art 3, § 2.

The statute in question states as follows:

> A prisoner under sentence for life or for a term of years, other than prisoners sentenced for life for murder in the first degree and prisoners sentenced to life or for a minimum term of imprisonment for a major controlled substance offense, who has served 10 calendar years of the sentence is subject to the jurisdiction of the parole board and may be released on parole by the parole board, subject to the following conditions:
>
> *  *  *
>
> (b) A parole shall not be granted a prisoner so sentenced until after a public hearing held in the manner prescribed for pardons and commutations in sections 44(d) to 44(f) and 45. Notice of the public hearing shall be given to the sentencing judge, or the judge's successor in office, and parole shall not be granted if the sentencing judge, or the judge's successor in office, files written notice of objections to the granting of the parole within 30 days of receipt of the notice of hearing. The written objections shall be made part of the prisoner's file.

Art 3, § 2 states as follows:

> The powers of government are divided into three branches; legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution.

The Department of Corrections was created by

Chapter 12 of the Executive Organization Act of 1965. MCL 16.375; MSA 3.29(275). The Department of Corrections has exclusive jurisdiction over pardons, reprieves, commutations and paroles. MCL 791.204; MSA 28.2274. Const 1963, art 5, § 1 states that the executive power is vested in the Governor and Const 1963, art 5, § 14 states that the Governor has the power to grant pardons, reprieves and commutations. Therefore, the Department of Corrections must be regarded as part of the executive branch. Clearly, the circuit courts are part of the judicial branch. Const 1963, art 6, § 1.

Plaintiff, in essence, claims that the statute in question attempts to vest a judge with executive powers and functions in violation of the constitutional separation of powers provisions cited above.

The Michigan Supreme Court, on several occasions, has interpreted the constitutional separation of powers provisions as prohibiting the exercise of the *whole* power of one branch of government by the same official or officials who possessed the *whole* power of another branch of government, *Dearborn Twp v Dearborn Twp Clerk,* 334 Mich 673; 55 NW2d 201 (1952), but not to require a complete, absolute separation between the branches of government without any common link or dependence. *In re Southard,* 298 Mich 75, 82-84; 298 NW 457 (1941), cert den sub nom *Southard v Jackson,* 314 US 659; 62 S Ct 113; 86 L Ed 528 (1941); *People v Piasecki,* 333 Mich 122, 146-148; 52 NW2d 626 (1952); *Soap & Detergent Ass'n v Natural Resources Comm,* 415 Mich 728, 751-752; 330 NW2d 346 (1982). The last cited case was relied upon by a panel of this Court in the case of *Sharp v Genesee Election Comm,* 145 Mich App 200, 207-209; 377 NW2d 389 (1985).

The *Dearborn Twp* case dealt with a direct conflict between permitting four justices of the

peace, who functioned as judicial officers, from also serving as members of the township board, the legislative body of the township. In that case, a clear direct conflict in official positions and functions existed.

In the case before us, the statute in question vests a limited, intermediate function in a judge to temporarily veto the granting of parole in a limited category of cases, subject to the final power of the Governor as the chief executive officer to release by pardon or commutation of sentence. Thus, in each case the chief executive officer, in his discretion, may release the prisoner. The Governor makes the final decision as to release pursuant to the constitutional mandate of Const 1963, art 5, § 14. The statute in question does not permit a judge to order the release of a prisoner on parole. The statute merely vests in a judge the power to veto the release of a prisoner on parole, or in other words, to continue the execution of the life sentence previously imposed by such judge or his predecessor. Objection to release on parole is not the amendment of a valid sentence without constitutional or statutory authority. It is the exercise of a specific, limited statutory function.

The subject of parole is a creature of statute rather than of the constitution. The Legislature may create a parole system primarily within the executive branch of government which, in specific limited categories of cases, is subject to a judicial veto, without being in violation of the constitutional provisions relating to separation of powers.

The case of *People v Fox,* 312 Mich 577; 20 NW2d 732 (1945), and later cases relied upon by plaintiff's counsel, should be distinguished because the case at bar does not involve amending a valid

sentence, and the cases cited by plaintiff's attorney did not contain any specific statutory grant of authority to act as the judge acted.

Affirmed.