PEOPLE v RAIHALA

Docket No. 148851. Submitted September 10, 1992, at Detroit. Decided May 4, 1993, at 9:20 A.M.

Michael O. Raihala pleaded guilty in the Cass Circuit Court, Michael E. Dodge, J., of second-degree murder. He was sentenced to life imprisonment. The order provided that the Department of Corrections must notify the court or its successor of any plans to parole the defendant and that the defendant could not be paroled without the court's express approval. The defendant appealed from the provision that would allow the court to veto an attempted grant of parole, alleging that it violates the separation of powers doctrine, Const 1963, art 3, § 2.

The Court of Appeals *held:*

The provision of the parole law that allows a sentencing court to veto an attempted grant of parole, MCL 791.234(4); MSA 28.2304(4), does not violate the separation of powers doctrine. The decision whether to grant parole involves both judicial and executive considerations. The Legislature may create a parole system primarily within the executive branch of government which, in specific limited categories of cases, is subject to a judicial veto, without being in violation of the constitutional provisions relating to the separation of powers.

Affirmed.

1. CONSTITUTIONAL LAW — SEPARATION OF POWERS — PRISONS AND PRISONERS — PAROLE.

The provision of the parole law that allows a sentencing court to veto in certain situations an attempted grant of parole does not violate the separation of powers doctrine and is not unconstitutional (Const 1963, art 3, § 2; MCL 791.234[4]; MSA 28.2304[4]).

2. CONSTITUTIONAL LAW — SEPARATION OF POWERS.

The separation of powers doctrine forbids the whole power of one department of the government to be exercised by the same

REFERENCES

Am Jur 2d, Constitutional Law §§ 315, 323; Pardon and Parole § 43.
See ALR Index under Parole, Probation, and Pardon; Separation of Powers.

hands that possess the whole power of another department; however, the branches of government need not be kept totally and absolutely separate (Const 1963, art 3, § 2).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Margaret Mary Chiara,* Prosecuting Attorney, and *Charles D. Hackney,* Assistant Attorney General, for the people.

*Ernest L. White,* for the defendant on appeal.

Before: HOOD, P.J., and CONNOR and TAYLOR, JJ.

PER CURIAM. Defendant pleaded guilty in the Cass Circuit Court of second-degree murder, MCL 750.317; MSA 28.549, in exchange for the dismissal of charges of first-degree murder, MCL 750.316; MSA 28.548, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to life imprisonment. The order provided that the Department of Corrections must notify the court or its successor of any plans to parole the defendant and that the defendant could not be paroled without the court's express approval. The defendant appealed as of right. We affirm.

Defendant, a third-year college student with no history of violence and no criminal record, shot the victim once and stabbed her thirty-seven times, apparently believing that she was about to attack him with a knife. Defendant and the victim were close friends. There was no apparent reason for the incident.

The guidelines recommended that defendant be sentenced to a minimum term of 10 to 25 years or to life. Defendant does not challenge the proportionality of his life sentence.

Defendant's only argument on appeal is that the provision of the parole law that allows a sentenc-

ing court to veto an attempted grant of parole, MCL 791.234(4); MSA 28.2304(4), violates the separation of powers doctrine and is therefore unconstitutional. See Const 1963, art 3, § 2. We disagree. This case is being decided without oral argument pursuant to MCR 7.214(A).

It is true that the Department of Corrections is part of the executive branch. Const 1963, art 5, § 2; see also MCL 16.375; MSA 3.29(275). The power to parole is vested in the Department of Corrections, "[s]ubject to constitutional powers vested in the . . . judicial" department. See MCL 791.204; MSA 28.2274. However, it is also true that the power to hear and determine controversies is an exclusively judicial function. See *Buback v Governor,* 380 Mich 209, 219-220; 156 NW2d 549 (1968); see also Const 1963, art 6, § 1. This power most certainly includes "the inherent judicial power to exercise discretion in the imposition of sentences." *In re Southard,* 298 Mich 75, 81; 298 NW 457 (1941), cert den sub nom *Southard v Jackson,* 314 US 659 (1941); see also MCL 769.1; MSA 28.1072.[1]

Parole is a conditional release; a paroled prisoner is technically still in the custody of the Department of Corrections, which is executing the sentence imposed by the court. See *In re Dawsett,* 311 Mich 588, 592-593; 19 NW2d 110 (1945), cert den sub nom *Dawsett v Bush,* 329 US 786 (1946). If parole is successfully completed, the remaining portion of the sentence is discharged as a "gift" from the executive branch. *Dawsett,* 311 Mich 593; see also Const 1963, art 5, § 1 (the Governor has exclusive power to grant pardons, reprieves, and commutations). However, unless and until parole

---

[1] On the other hand, the power to establish sentences, including indeterminate sentences, is an exclusively legislative function. *People v Hall,* 396 Mich 650, 658; 242 NW2d 377 (1976); see also Const 1963, art 4, § 45; *Southard,* 298 Mich 79-84.

is successfully completed, "the prisoner is deemed to be still serving out the sentence imposed upon him by the court." *Dawsett,* 311 Mich 595.

As seen above, it could be argued that the granting of parole is an encroachment by the executive upon the judiciary's sentencing power instead of vice versa. In truth, however, whether to grant parole is a decision that involves both judicial and executive considerations.

In Michigan, the separation of powers doctrine has been interpreted to forbid " 'the *whole* power of one department [to be] exercised by the same hands which possess the *whole* power of another department.' " See *Soap & Detergent Ass'n v Natural Resources Comm,* 415 Mich 728, 751-752; 330 NW2d 346 (1982) (emphasis in original) (quoting James Madison's The Federalist No. 47). Therefore, the branches of government need not be kept totally and absolutely separate. *Soap,* 415 Mich 752. This is especially true where, as here, the constitution itself allows the Governor, chief of the executive branch, to encroach upon the judiciary's sentencing power by giving him the power to grant pardons, reprieves, and commutations. See *Soap,* 415 Mich 752; see also Const 1963, art 5, § 14.

This Court therefore reaffirms *Collins v Director, Dep't of Corrections,* 153 Mich App 477; 395 NW2d 77 (1986), lv den 428 Mich 868 (1987), cert den sub nom *Collins v Brown,* 483 US 1026 (1987). *Collins* upheld the section challenged by defendant against an identical challenge, stating, "The Legislature may create a parole system primarily within the executive branch of government which, in specific limited categories of cases, is subject to a judicial veto, without being in violation of the constitutional provisions relating to separation of powers." 153 Mich App 482.

Defendant's reliance on *Bowsher v Synar,* 478

US 714; 106 S Ct 3181; 92 L Ed 2d 583 (1986), is misplaced. That case held that Congress improperly granted executive branch powers to the Comptroller General who, by virtue of being removable from office at the will of Congress, was a part of the legislative branch of government. *Bowsher* did not address the portion of The Federalist quoted above and relied upon by *Collins.*

Affirmed.