19 F.3d 18
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herbert G. COLLINS, Petitioner-Appellant,
v.
H. Gary WELLS, Respondent-Appellee.
 No. 93-1328.
 United States Court of Appeals, Sixth Circuit.
 March 1, 1994.
 
 Before: RYAN and SUHRHEINRICH, Circuit Judges; and LIVELY, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 The petitioner, Herbert G. Collins appeals the district court's order dismissing his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. Sec. 2254. This appeal raises several issues, only one of which requires our attention: whether the district court erroneously found that petitioner failed to exhaust his state remedies, and therefore improperly denied the petition.
 
 
 2
 We conclude that the district court did not err, and therefore we affirm.
 
 I.
 
 3
 The petitioner was charged with a particularly heinous first-degree murder. After entering a guilty plea to second-degree murder, pursuant to Mich.Comp.Laws Sec. 750.317, the petitioner received a life sentence. Thus began an exhaustive history of at least five direct challenges to the petitioner's conviction, as well as a prior petition for writ of habeas corpus.
 
 
 4
 In 1982, the Michigan Parole Board reviewed the possibility of parole for petitioner, pursuant to Mich.Comp.Laws Sec. 791.234(4)(d), Michigan's "lifer law." As required by statute, the parole board attempted to contact the petitioner's sentencing judge. Because the judge had retired, the communication was forwarded to his successor.
 
 
 5
 After reviewing the file, the successor judge notified the parole board that he opposed the petitioner's release:
 
 
 6
 [T]he most compelling reason for voicing an objection to an early release is the manner in which the crime was committed. It was one of the least provoked, most barbarous, senseless, and vicious attacks by one human being on another. The deep psychological disturbances evidenced by the manner in which Mr. Collins committed this crime cause fear for the future safety of the citizens with whom he would mingle if released.
 
 
 7
 In closing, the judge took note of the petitioner's good prison record, and indicated a willingness to review the petitioner's file again in the future.
 
 
 8
 In June 1983, the parole board denied parole, pursuant to Mich.Comp.Laws Sec. 791.234(4)(b), which prohibits parole of a life prisoner upon the written objections of the sentencing judge or his successor. The parole board observed that both the prosecutor and the victim's family also had objected to the petitioner's parole.
 
 
 9
 Two years later, in 1985, the petitioner filed a complaint for declaratory judgment in Ingham County Circuit Court, challenging the constitutionality of the judicial veto provision of Mich.Comp.Laws Sec. 791.234(4). Proceeding pro se, the petitioner objected to the provision as a violation of the separation of powers provision of the Michigan Constitution. In addition, the petitioner alleged the following:
 
 
 10
 As it is written at present, M.C.L. 791.234(4) is "unconstitutional" in that it constitutes a violation of several constitutional rights guaranteed by not only the Michigan Constitution but also the U.S. Constitution. These rights are:
 
 
 11
 (1) Due Process
 
 
 12
 (2) Double Jeopardy
 
 
 13
 (3) Cruel and Unusual Punishment.
 
 
 14
 When the trial court dismissed the petitioner's complaint, the petitioner appealed to the Michigan Court of Appeals, which affirmed the trial court's decision. Collins v. Director, Dep't of Corrections, 395 N.W.2d 77 (Mich.App.1986). At this point, the petitioner retained counsel and filed an application for leave to appeal to the Michigan Supreme Court. In his petition for leave, petitioner alleged only that the challenged statute violated the separation of powers doctrine. When the Michigan Supreme Court denied leave, the petitioner, through counsel, filed a petition for writ of certiorari with the United States Supreme Court, which also was denied. Collins v. Brown, 483 U.S. 1026 (1987).
 
 
 15
 In April 1989, the petitioner, proceeding pro se, filed the petition for writ of habeas corpus that is the subject of this appeal. In his petition, the petitioner argued that his detention was unconstitutional because he was arrested illegally; because illegally seized evidence was presented at his preliminary examination; because he was denied effective assistance of counsel; and because his plea was involuntary.
 
 
 16
 The magistrate judge who reviewed the claims on the merits recommended that habeas relief be denied. However, in his report and recommendation, the magistrate judge observed that Mich.Comp.Law Sec. 791.234(4) might impinge on due process protections. The magistrate judge appointed counsel to represent the petitioner and ordered the parties to brief this new issue.
 
 
 17
 Following additional briefing by the parties, the magistrate judge issued a second report and recommendation, in which he agreed that the issue had not been exhausted at the state level, and that dismissal was warranted. In December 1992, the district court ordered dismissal of the petition, adopting the magistrate judge's conclusion that the petitioner had not exhausted the due process challenge. This timely appeal followed.
 
 II.
 
 18
 We review a habeas proceeding in the district court de novo. Cardinal v. United States, 954 F.2d 359, 362 (6th Cir.1992). However, factual findings by the district court are subject to a clearly erroneous standard of review. Warner v. United States, 975 F.2d 1207, 1212 (6th Cir.1992), cert. denied, 113 S.Ct. 1314 (1993).
 
 
 19
 The petitioner argues that he adequately challenged the constitutionality of Michigan's "lifer law" in the state courts. In this regard, he contends that he referred to his due process rights in 1985, in arguing to the Michigan Court of Appeals that the judicial veto provision violated the separation of powers doctrine. The petitioner maintains that his failure to frame the issue in narrow terms should not result in a non-exhaustion finding, because he was acting pro se. The petitioner acknowledges that his failure to identify a denial of due process as an issue before the Michigan Supreme Court presents a more problematic obstacle. However, he claims that his reference before that court to "a fundamental doctrine of federal constitutional law" was sufficient to exhaust his state remedies.
 
 
 20
 Federal law governing a state prisoner's right to petition the federal courts for writ of habeas corpus requires, with rare exceptions, that the prisoner first present his claims to the state courts:
 
 
 21
 An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.
 
 
 22
 28 U.S.C. Sec. 2254(b).
 
 
 23
 In determining whether a petitioner has exhausted his available state remedies, the Supreme Court has found that the petitioner must provide the state courts "with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." Anderson v. Harless, 459 U.S. 4, 6 (1982) (citation omitted). Applying Anderson, we have held that a petitioner cannot fulfill the exhaustion requirement merely by identifying issues raised in the state courts that involve " 'the same fact scenario' " as the federal constitutional claim for which he seeks habeas relief. Shoultes v. Laidlaw, 886 F.2d 114, 117 (6th Cir.1989) (citation omitted). Clearly, "the habeas petitioner must present his claim to the state courts as a federal constitutional issue--not merely as an issue arising under state law." Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir.1984).
 
 
 24
 Moreover, the petitioner must identify for the state court the specific federal constitutional right that has been violated. For example, in Franklin v. Rose, 811 F.2d 322 (6th Cir.1987), the petitioner challenged his state conviction on direct appeal, identifying numerous assignments of error. In seeking leave to appeal to the state supreme court, the petitioner elaborated that the points of error,
 
 
 25
 individually, and if considered as a group, effectively denied Defendant of his right to a fair trial as guaranteed to him under the United States Constitution and the Constitution of the State of Tennessee.
 
 
 26
 Id. at 323. Included among the listed errors was the allegation that the trial court had erred in excluding from evidence the petitioner's medical records. The petitioner argued to the state court that the exclusion prejudiced his ability to "present evidence in his own behalf." Id.
 
 
 27
 In his subsequent petition for writ of habeas corpus, the Franklin petitioner raised a similar claim, alleging that the trial court's exclusion of the evidence amounted to denials of "due process of the law and a fair trial." Id. at 324. Affirming the district court's dismissal of the petition, we held that the petitioner's broad characterization to the state court that his assignments of error were constitutional in nature, was insufficient to satisfy the exhaustion requirements of 28 U.S.C. Sec. 2254:
 
 
 28
 To fairly present his constitutional argument to the state courts required more than the use of a generalized catch-all phrase which merely alleged the deprivation of a fair trial under the United States Constitution. Such a catch-all provision does not adequately apprise the state courts of the constitutional theory to be relied upon at appellate reviewSU11....
 
 
 29
 Id. at 326.
 
 
 30
 We also have observed that a petitioner must present his federal constitutional claim "to the state's highest court in order to exhaust state remedies under 28 U.S.C. Sec. 2254." Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir.1990). Accordingly, a petitioner who adequately identifies his constitutional claim before the state's intermediate appellate court has not fulfilled his responsibility to exhaust, unless he also has raised the constitutional issue before the state supreme court. Id.
 
 
 31
 The petitioner here relies on two opinions as supportive of his position that he adequately exhausted state remedies. First, the petitioner argues that in Manning v. Alexander, 912 F.2d 878 (6th Cir.1990), we held that the petitioner need only present to the state courts " '[t]he factual and theoretical substance of a claim' " in order to exhaust his state remedies. Id. at 881 (citation omitted). Manning, however, is inapposite. In Manning, the respondent claimed that the petitioner had not exhausted his state law remedies because he had used the wrong procedure in presenting his claims to the state courts. Id. We rejected this argument, noting that the state courts had disagreed among themselves on the correct procedure to pursue an appeal of the nature raised by the petitioner. Id. at 882-83. In contrast, the petitioner's deficiency here is substantive, not procedural.
 
 
 32
 The petitioner also relies on Harris v. Rees, 794 F.2d 1168 (6th Cir.1986), in which we found exhaustion, even though the petitioner had not consistently labelled his argument as an equal protection claim. We noted that, in all proceedings before the state courts, the petitioner's claim was that he was unable to afford counsel, and thus unable to pursue an appeal. In presenting his claim to the state's intermediate court, the petitioner, finally represented by an attorney, explicitly stated that denial of counsel had amounted to a violation of "equal protection and due process of the law." On these facts, we concluded that 28 U.S.C. Sec. 2254 did not require the petitioner to "use the magic words 'equal protection' " in all proceedings before the state courts. Id. at 1174.
 
 
 33
 Harris, however, cannot apply to the facts here, because the petitioner admits that he did not raise even the substance of his due process claim before the Michigan Supreme Court. Moreover, he did not advise the state's intermediate court of the ways in which the challenged statute might violate due process or any other enumerated constitutional right, other than separation of powers. As the Michigan Court of Appeals stated in affirming the trial court's dismissal of the petitioner's challenge,
 
 
 34
 Plaintiff's challenges in terms of due process and double jeopardy were not supported by any citations of case law or other authority. A bare statement of position without authority is insufficient to place such issues before an appellate court.... Therefore such issues have been abandoned.
 
 
 35
 Collins, 395 N.W.2d at 78 (citations omitted).
 
 
 36
 In sum, the petitioner never identified for the state court the controlling legal principles underlying his due process claim, as required by Anderson, 459 U.S. at 6. Thus, the petitioner has not exhausted his state remedies, and dismissal of his petition was warranted.
 
 III.
 
 37
 The order of the district court is AFFIRMED.