WAYNE COUNTY PROSECUTOR v DEPARTMENT OF CORRECTIONS

Docket No. 214873. Submitted February 2, 2000, at Detroit. Decided August 15, 2000, at 9:00 A.M.

The Wayne County Prosecutor brought an action in the Wayne Circuit Court against the Department of Corrections, seeking a declaration that § 42 of the penal institutions, pardon, probation, and parole act, MCL 791.242; MSA 28.2312, was unconstitutional insofar as it empowers the Parole Board to discharge any remaining sentence of a parolee upon satisfactory completion of the conditions and obligations of an order of parole or, in the alternative, if § 42 were found to be constitutional, seeking a declaration that § 42 precludes the discharging of the unserved portion of a sentence of a prisoner who had violated any previous order of parole. The plaintiff had requested that the defendant's director declare § 42 unconstitutional, and, when the defendant's director did not respond to the request within thirty days, the plaintiff brought its action in the circuit court pursuant to MCL 24.263; MSA 3.560(163). The court, Susan D. Borman, J., granted summary disposition for the defendant, finding that § 42 is not an unconstitutional usurpation of the Governor's right to pardon prisoners or commute sentences and holding that the language of § 42 does not prohibit the Parole Board from discharging the remaining sentence of a prisoner who has successfully performed the conditions and obligations of the most recent order of parole even if the prisoner had violated the conditions of a prior order of parole. The plaintiff appealed.

The Court of Appeals *held*:

1. The Legislature and the Governor share commutation power under the state constitution. Const 1963, art 4, § 45 authorizes the Legislature to provide "for indeterminate sentences . . . for the detention and release of persons imprisoned or detained under such sentences." The courts of this state have long held that the indeterminate sentence process adopted by the Legislature pursuant to the authority of Const 1963, art 4, § 45 permits the absolute discharge of any unserved time remaining on the maximum sentence if a prisoner successfully completes parole. The language of Const 1963, art 4, § 45, in providing for indeterminate sentences and for the "release" of persons who are imprisoned or detained

under an indeterminate sentence, is sufficiently broad to authorize the Legislature to enact § 42, which provides that the Parole Board may "discharge" the remaining sentence of a prisoner who has performed all the conditions and obligations of an order of parole, the words "release" and "discharge" being largely synonymous under these circumstances.

2. The Legislature's exercise of its constitutional authority to provide for indeterminate sentences by its enactment of § 42 did not impermissibly infringe on the Governor's constitutional right to grant commutations and pardons pursuant to Const 1963, art 5, § 14.

3. The language of § 42 clearly contemplates the discharge of the remaining sentence upon the faithful performance of the conditions and obligations of the order of parole then in force. The language of § 42 in no way suggests that the Parole Board's authority to discharge any unserved sentence upon the successful compliance with an order of parole is curtailed where there was a prior order of parole that was not successfully performed.

Affirmed.

1. CRIMINAL LAW — SENTENCES — DISCHARGE OF REMAINING SENTENCE — PAROLE BOARD — CONSTITUTIONAL LAW.

The Legislature's granting to the Parole Board of the power to discharge any remaining unserved sentence upon a prisoner's faithful performance of the conditions and obligations of an order of parole is a proper exercise of the Legislature's constitutional authority to provide for indeterminate sentences and for the release of persons imprisoned or detained pursuant to an indeterminate sentence; the Legislature's granting of that authority to the Parole Board does not impermissibly infringe on the Governor's constitutional authority to pardon prisoners and commute sentences (Const 1963, art 4, § 45; Const 1963, art 5, § 14; MCL 791.242; MSA 28.2312).

2. CRIMINAL LAW — SENTENCES — DISCHARGE OF REMAINING SENTENCE — PAROLE BOARD.

The Parole Board is authorized to discharge a prisoner's remaining unserved sentence upon the prisoner's faithful performance of all the conditions and obligations of an order of parole irrespective of whether there was a prior order of parole that was not successfully performed (MCL 791.242; MSA 28.2312).

*John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals,

and *George E. Ward,* Chief Assistant Prosecutor, for the plaintiff.

*Jennifer M. Granholm,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Chester S. Sugierski,* Assistant Attorney General, for the defendant.

Before: O'CONNELL, P.J., and MURPHY and JANSEN, JJ.

JANSEN, J. Plaintiff appeals as of right from an order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(8). We affirm.

This case arises out of plaintiff's attempt to have § 42 of the penal institutions, pardon, probation, and parole act, MCL 791.242; MSA 28.2312, relating to a final order of discharge from parole, declared unconstitutional as a violation of the separation of powers doctrine. Specifically, by a letter dated November 18, 1997, plaintiff requested defendant's director to rule that § 42 is unconstitutional because of the exclusive power vested in the Governor to commute sentences and pardon prisoners and that, therefore, § 42 does not empower the Parole Board to grant the past discharges of sentences or to grant the discharges of sentences "hereafter contemplated."

By way of example, plaintiff offered the pertinent facts regarding the following three prisoners: David D. DuPuis, James B. Canady, and Robert J. Owens, Jr. Mr. DuPuis was sentenced on September 27, 1983 to 2½ to 15 years in prison for burglary and receiving and concealing stolen property and he was sentenced on December 16, 1985, to seven to twenty years in prison for breaking and entering. Mr. DuPuis was granted a parole on September 24, 1993, and was discharged from parole on September 24, 1995. DuPuis

committed another felony (home invasion) on October 21, 1996, for which he was sentenced to 1½ to 20 years in prison. Mr. DuPuis' parole for the conviction of home invasion was to begin on January 1, 1998, and to end on January 1, 2000. Mr. Canady was serving a prison sentence of four to twenty years when, on December 8, 1989, Mr. Canady was convicted of assault on a prison employee and given another sentence of one to four years. Mr. Canady was paroled on April 29, 1992, and was discharged from his parole on April 29, 1994. Mr. Canady committed another felony (malicious destruction of property) on January 6, 1997, and sentenced to one year and one day to fifteen years. Mr. Canady's parole for the convictions of malicious destruction of property was to begin on January 6, 1998, and to end on January 6, 2000. Mr. Owens, who had accumulated twenty-two convictions, was sentenced to three to ten years in prison following a conviction of being a fourth-offense habitual offender in December 1994. Mr. Owens' latest parole was to begin on January 4, 1998, and to end on January 4, 2000. It is plaintiff's contention that the Parole Board does not have the power, either under the constitution or under the statute, to discharge the unserved maximum sentence once it discharges the prisoner from parole, that is, ends the parolee's supervision.

Defendant's director did not respond within thirty days to plaintiff's request; thus, the request was considered to be denied and the denial vested the circuit court with jurisdiction. See MCL 24.263; MSA 3.560(163). On December 22, 1997, plaintiff filed a two-count complaint for a declaratory judgment in the Wayne Circuit Court. In count I of its complaint,

plaintiff sought a declaration that § 42 is unconstitutional because it infringes on the Governor's exclusive power to pardon prisoners or commute sentences under Const 1963, art 5, § 14. In count II of the complaint, plaintiff sought a declaration that § 42, even if constitutional, precludes a prisoner's unserved sentence from being discharged if the prisoner ever violates a parole order, no matter how many subsequent periods of parole the prisoner may successfully complete.

MCL 791.242; MSA 28.2312 provides:

> When any paroled prisoner has faithfully performed all of the conditions and obligations of his parole for the period of time fixed in such order, and has obeyed all of the rules and regulations adopted by the parole board, he shall be deemed to have served his full sentence, and the parole board shall enter a final order of discharge and issue to the paroled prisoner a certificate of discharge.
>
> No parole shall be granted for a period less than 2 years in all cases of murder, actual forcible rape, robbery armed, kidnapping, extortion, or breaking and entering an occupied dwelling in the night time except where the maximum time remaining to be served on the sentence is less than 2 years.

Plaintiff claims that this statutory provision is unconstitutional because the Governor has the exclusive power to grant commutations and pardons pursuant to Const 1963, art 5, § 14, which provides:

> The governor shall have power to grant reprieves, commutations and pardons after convictions for all offenses, except cases of impeachment, upon such conditions and limitations as he may direct, subject to procedures and regulations prescribed by law. He shall inform the legislature annually of each reprieve, commutation and pardon granted, stating reasons therefor.

On January 23, 1998, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(8) and (10). The arguments made in the lower court are the same as those on appeal. With respect to count I, plaintiff argues that the Parole Board cannot grant discharges to parolees until the expiration of their maximum sentence; otherwise the Parole Board would be illegally exercising a power vested exclusively in the Governor, namely, the power to pardon. Plaintiff further claims that, although the Legislature has the authority to provide for indeterminate sentencing under Const 1963, art 4, § 45, this authority extends only to the "release" of prisoners from detention and does not permit the Legislature to enact laws providing for the discharge of unserved time on maximum sentences. Const 1963, art 4, § 45 specifically provides:

> The legislature may provide for indeterminate sentences as punishment for crime and for the detention and release of persons mprisoned or detained under such sentences.

The trial court found that § 42 is not an unconstitutional usurpation of the Governor's exclusive right to pardon or commute, relying on our Supreme Court's decision in *Oakland Co Prosecuting Attorney v Dep't of Corrections*, 411 Mich 183; 305 NW2d 515 (1981). Contrary to plaintiff's assertion, the trial court did not err in relying on that case, inasmuch as the precise issue in that case was whether the Prison Overcrowding Emergency Powers Act (1980 PA 519)—providing for the release of prisoners imprisoned under indeterminate sentences—impermissibly infringed on the Governor's commutation power. The statute granted to the Department of Corrections the power to

reduce minimum sentences to reduce prison over-
crowding. The Court held that the statute was within
the authorization given to the Legislature under Const
1963, art 4, § 45, and, thus, the statute was constitu-
tional. *Oakland Co Prosecuting Attorney, supra,*
p 195. The Court specifically noted that the Legisla-
ture also has a role in establishing the length of a sen-
tence (pursuant to Const 1963, art 4, § 45) and that
the statute had not intruded on the Governor's discre-
tionary power to pardon or commute sentences when
it is deemed that the circumstances warrant the exer-
cise of those powers. *Oakland Co Prosecuting Attor-
ney, supra,* pp 193, 197.

Similarly, in the present case, § 42 does not infringe
on the Governor's power to pardon prisoners or com-
mute sentences. Further, as noted by the Court in
*Oakland Co Prosecuting Attorney, supra,* pp 193-195,
the Legislature and the Governor share commutation
power under the state constitution and Const 1963,
art 4, § 45 authorizes the Legislature to provide for
"the detention and release of persons imprisoned or
detained under [indeterminate] sentences." Section 42
does not infringe on the Governor's power to pardon
or commute sentences.

In addition, Michigan courts have consistently held
over the course of time and throughout various
changes in the law that the indeterminate sentencing
process, as authorized by Const 1963, art 4, § 45, per-
mits the absolute discharge of any unserved time on
the maximum sentence if a prisoner successfully
completes parole. See *In re Dawsett,* 311 Mich 588,
592-593; 19 NW2d 110 (1945); *In re Eddinger,* 236
Mich 668, 670; 211 NW 54 (1926); *People v Young (On
Remand),* 220 Mich App 420, 428; 559 NW2d 670

(1996); *People v Raihala*, 199 Mich App 577, 579; 502 NW2d 755 (1993). Although plaintiff relies for the most part on the case of *People v Cummings*, 88 Mich 249; 50 NW2d 310 (1891), the Supreme Court held in *In re Manaca*, 146 Mich 697, 699, 704; 110 NW 75 (1906), and *People v Cook*, 147 Mich 127; 110 NW 514 (1907), that the 1902 amendment that added the predecessor to Const 1963, art 4, § 45, eliminated the constitutional obstacles to indeterminate sentencing by the Legislature that were identified in *Cummings*. See, also, *Oakland Co Prosecuting Attorney, supra*, p 194. Thus, there is no showing that the Legislature here has exceeded the scope of its power under Const 1963, art 4, § 45.

Plaintiff further argues that a release from detention is distinguishable from a discharge of a sentence and that the Legislature's action is outside its scope of authority under Const 1963, art 4, § 45 to provide for the release of persons imprisoned or detained under indeterminate sentences, as opposed to an absolute discharge from a sentence. However, we find that the trial court did not err in ruling that "release" and "discharge" are "largely synonymous." We agree with the trial court, for the reason that plaintiff's interpretation of the relevant constitutional provisions would render the Legislature's authority under Const 1963, art 4, § 45 to impose indeterminate sentences meaningless; under such a construction, sentences would always be determinate (i.e., the maximum term) and only the period of incarceration would be indeterminate. Certainly, had the framers of Const 1963, art 4, § 45 meant only the period of *incarceration* to be indeterminate, they would not

have expressly authorized the Legislature to impose indeterminate *sentences.*

Accordingly, the trial court did not err in ruling that MCL 791.242; MSA 28.2312 is constitutional and does not infringe on the Governor's power to pardon prisoners and commute sentences under Const 1963, art 5, § 14.

Plaintiff argues, alternatively, that even if the statute is found to be constitutional, the statute does not authorize a discharge of a sentence in the same case where a prisoner had violated the conditions of a parole that had previously been granted. In other words, plaintiff asserts that once a prisoner violates one parole order, the prisoner can never have the sentence discharged no matter how many subsequent periods of parole are successfully completed. Plaintiff argues that the plain meaning of the statute is that all periods of release on a given sentence constitute one parole. Therefore, plaintiff contends that if a prisoner commits a new crime while on parole, the "exercise of the sentence-discharge power of [MCL 791.242; MSA 28.2312] is lost, and [the] maximum sentence thereafter can only be discharged by the [G]overnor."

We agree with the trial court that this interpretation is contrary to the express language of the statute, which states that a parolee's remaining sentence may be discharged "when the paroled prisoner has faithfully performed all of the conditions and obligations of his parole *for the period of time fixed in such order* . . . ." Section 42 employs the singular form of the word "order," compelling the conclusion that the Legislature must have intended that a prisoner's compliance with the terms of each parole order be considered independently. Further, as noted by defend-

ant, the statute contains no language that limits the discharge provision only if the first grant of parole is successfully completed.

Accordingly, the trial court did not err in rejecting plaintiff's proffered interpretation of MCL 791.242; MSA 28.2312 because the plain meaning of the statute does not support plaintiff's interpretation. The statute simply does not state that if a parolee violates the terms of parole, the parolee forfeits any further possibility of a full discharge. Rather, the statute requires only that the parolee faithfully perform all the conditions of parole for the period fixed in the parole order and obey all the rules and regulations adopted by the Parole Board as a condition precedent to the Parole Board's authority to enter a final order of discharge.

Affirmed.