*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SHAD RYAN ARMSTRONG,

Defendant-Appellant.

UNPUBLISHED
September 2, 2021

No. 354233
Oakland Circuit Court
LC No. 2018-269266-FH

Before: MURRAY, C.J., and FORT HOOD and RICK, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] the trial court order sentencing him, after a probation violation, as a fourth-offense habitual offender, MCL 769.13, to 2 to 20 years' imprisonment for a third-offense operating while intoxicated (OWI) conviction, MCL 257.625(1). We affirm.

## I. FACTUAL BACKGROUND

Initially, defendant was charged with third-offense OWI, domestic violence (DV), MCL 750.81(2), and driving with a suspended license, second offense (DWLS), MCL 257.904(1). The trial court sentenced defendant to two years' probation and 174 days' incarceration with 174 days' credit for the OWI charge and two years' probation and 93 days' incarceration with 174 days' credit for the DV charge. In addition to paying a number of costs, defendant was instructed to have "no contact with the victim." On June 13, 2019, defendant moved the trial court to lift the no-contact order. On June 26, 2019, the trial court granted defendant's request and lifted the no-contact order.

Defendant was arrested again on October 27, 2019, for violating his probation by committing assault and battery, operating a vehicle while under the influence of alcohol or liquor, operating a vehicle while his license was suspended, and failing to adhere to the condition to "not

---

[1] *People v Armstrong*, unpublished order of the Court of Appeals, entered August 21, 2020 (Docket No. 354233).

have verbal, written, electronic, or physical contact with [the victim] either directly or through another person." At a probation violation hearing on December 12, 2019, defendant pleaded guilty to violating his probation by engaging in new criminal activity and "assaultive behavior," owing outstanding funds, and using alcohol. The trial court revoked defendant's probation and sentenced him to 2 to 20 years' imprisonment with 218 days' credit for the OWI charge.[2] The trial court added that "the no[-]contact provision is reinstated as it relates to [the victim]." The judgment of sentence included the following language under the "Court Recommendation" section: "The Court lifted the no[-]contact order on 6/26/19; as a result of this violation, the no[-]contact order shall be reinstated, [defendant] shall have no contact with the alleged victim . . . and [defendant's stepson]." This appeal followed.

## II. STANDARD OF REVIEW

The standard of review for a constitutional question is de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). We review both Michigan statutes and Michigan court rules under the de novo standard of review. *People v Anderson*, 501 Mich 175, 182; 912 NW2d 503 (2018); *People v Cole*, 491 Mich 324, 330; 817 NW2d 497 (2012). The standard of review for preserved sentencing issues is clear error. *People v Anderson*, 322 Mich App 622, 634; 912 NW2d 607 (2018). "Clear error is present when the reviewing court is left with a definite and firm conviction that an error occurred." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015) (cleaned up).

## III. LAW AND ANALYSIS

Defendant argues the trial court erred in reinstating the no-contact order because the trial court lost the authority to impose conditions after it sentenced him and because the no-contact order was reinstated for an offense that did not involve the victim. Defendant is incorrect.

The Michigan Constitution provides that the "powers of government are divided into three branches: legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch . . . ." Const 1963, art 3, § 2. "Under our system of State government, the legislature makes the law, the governor executes it, and the courts construe and enforce it." *People v Piasecki*, 333 Mich 122, 145; 52 NW2d 626 (1952). In other words, the three branches of government operate separate from one another. See *Hopkins v Mich Parole Bd*, 237 Mich App 629, 636; 604 NW2d 686 (1999).

This separation of powers doctrine means that " 'the whole power of one department . . . [cannot be] exercised by the same hands which possess the whole power of another department.' " *Soap and Detergent Ass'n v Natural Resources Comm*, 415 Mich 728, 752; 330 NW2d 346 (1982), quoting The Federalist No. 47 (J. Madison). However, this separation is not so strict as to eliminate any possibility of "overlap" between the branches. *Judicial Attorneys Ass'n v Michigan*, 459 Mich 291, 296; 586 NW2d 894 (1998). "If the grant of authority to one branch is limited and specific

---

[2] The judgment of sentence does not include a sentence for the DV charge.

and does not create encroachment or aggrandizement of one branch at the expense of the other, a sharing of power may be constitutionally permissible." *Id*. at 297.

The MDOC is an administrative agency within the executive branch. MCL 16.375; *Collins v Director, Dep't of Corrections*, 153 Mich App 477, 481; 395 NW2d 77 (1986). It includes a Parole Board and has exclusive jurisdiction over paroles, probations, commutations, reprieves, and penal institutions. MCL 791.204; *Collins*, 153 Mich App at 481.

The job of the judicial branch is to determine cases and controversies. Const 1963, art 6, § 1; *League of Women Voters of Mich v Secretary of State*, 506 Mich 905, 907; 948 NW2d 70 (2020). The judicial power also includes "the inherent judicial power to exercise discretion in the imposition of sentences." *People v Raihala*, 199 Mich App 577, 579; 502 NW2d 755 (1993) (cleaned up). This sentencing power comes with the responsibility of selecting the appropriate guidelines range to make sure that the sentence is tailored to both the offense and the offender in light of the circumstances. *People v Triplett*, 407 Mich 510, 513-515; 287 NW2d 165 (1980).

Importantly, Michigan court rules require a sentencing court to include in the judgment of sentence any "conditions incident to the sentence." MCR 6.427(9). In this case, the no-contact order was a condition "incident to" defendant's sentence. It was properly included in the judgment of sentence. Therefore, the reinstatement of the no-contact order is in compliance with Michigan court rules and is not erroneous.

Defendant argues that the reinstatement of the no-contact order violated the separation of powers by intruding on the responsibilities of the executive branch. As noted above, the MDOC is an administrative agency within the executive branch that has exclusive jurisdiction over paroles, probations, commutations, reprieves, and penal institutions. MCL 16.375; MCL 791.204; *Collins*, 153 Mich App at 481. The trial court, on the other hand, is part of the judicial branch, whose job is to determine cases and controversies. Const 1963, art 6, § 1; *League of Women Voters of Mich*, 506 Mich at 907. Defendant claims that "the trial court lost authority to impose orders and conditions" on defendant after it sentenced him to the MDOC. However, as indicated, the trial court has the authority under Michigan court rules to include conditions in a judgment of sentence. MCR 6.427(9). Further, defendant incorrectly assumes that the separation of powers requires absolute separation. In fact, the separation of powers means that " 'the whole power of one department . . . [cannot be] exercised by the same hands which possess the whole power of another department.' " *Soap and Detergent Ass'n*, 415 Mich at 752 (citation omitted). "Overlap" between the branches is permissible as long as "the grant of authority to one branch is limited and specific and does not create encroachment or aggrandizement of one branch at the expense of the other." *Judicial Attorneys Ass'n*, 459 Mich at 296-297. Defendant improperly characterizes the separation of powers as requiring a strictness of separation that does not align with Michigan precedent.

Judicial authority includes "the inherent judicial power to exercise discretion in the imposition of sentences." *Raihala*, 199 Mich App at 579. This discretion is necessary so that the sentencing court can tailor the sentence to both the offense and the offender. *Triplett*, 407 Mich at 513-515. In this case, the trial court properly exercised its discretion to reinstate the no-contact order on the basis of defendant's history of repeated instances of domestic violence involving the same victim. The reinstatement of the no-contact order was warranted in light of this history,

which includes repeated assaults on both the victim and her stepson. For these reasons, the trial court's reinstatement of the no-contact order did not violate the separation of powers.

Defendant advances an additional argument in support of his position. He claims:

The lower court exceeded its sentencing power by prohibiting defendant from having contact with his wife who was the complaining witness on a case he was not sentenced to prison for and for which the court had no continuing jurisdiction after terminat[ing] Mr. Armstrong's probation and giving him a time served sentence for the domestic violence conviction.

Defendant essentially argues that the trial court erred by reinstating the no-contact order because the charge he was sentenced to prison for—the third-offense OWI charge—did not involve the victim. The victim was only relevant to the DV charge. However, argues defendant, the trial court lost jurisdiction over the DV charge when it terminated defendant's probation and gave him time served for it instead. Defendant is correct that he had fully served the maximum sentence for the domestic violence misdemeanor charge, and thus his sentence for the offense had been fully satisfied. "A sentence is invalid when it is beyond statutory limits, when it is based upon constitutionally impermissible grounds, improper assumptions of guilt, a misconception of law, or when it conforms to local sentencing policy rather than individualized facts." *People v Pointer-Bey*, 321 Mich App 609, 620; 909 NW2d 523 (2017) (cleaned up). Notably, because Defendant had served more than the statutory maximum allowed by the time he was sentenced for the domestic violence misdemeanor, the trial court had no authority to place him on probation for any period of time for that offense. It would have been inappropriate for the trial court to reinstate the no-contact order for the domestic violence offense because to do otherwise would have constituted an unlawful sentence for a charge that the trial court no longer had jurisdiction over. However, defendant's argument is nonetheless incorrect because in determining the punishment for the probation violation, the trial court was required to consider all of the offenses defendant committed in violating that probation. In this case, he was charged with the commission of several crimes while violating his probation: OWI, DV, assault and battery, and DWLS. At least two of these charges involved defendant's assaultive conduct toward the victim and defendant's stepson. Accordingly, to determine the proper sentence in light of the circumstances, the offenses, and the offender, *Triplett*, 407 Mich at 513-515, the trial court had to consider all of defendant's actions, including those actions that led to a recommended reinstatement of the no-contact order. The DV charge was intimately related to the OWI charge, since both of them arose from the same set of facts and both contributed to defendant's violent actions toward the victim. In addition, defendant was before the trial court on a probation violation hearing, not a hearing specifically focused on the OWI charge. The no-contact order was, therefore, just as relevant at his probation revocation sentencing as it was at his first sentencing. In sum, defendant's prison sentence was the result of the totality of his actions, not just his OWI charge. For these reasons, defendant's argument falls short.

Affirmed.

/s/ Christopher M. Murray
/s/ Michelle M. Rick

Ford Hood, J. did not participate.