*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ERIC WAYNE DECKER,

        Defendant-Appellant.

UNPUBLISHED
January 27, 2022

No. 355506
Allegan Circuit Court
LC No. 17-020978-FH

Before: CAMERON, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Defendant, Eric Decker, pleaded guilty to operating while intoxicated, third offense (OWI-III), MCL 257.625(1); MCL 257.625(9)(c), and he was sentenced to 365 days in jail and 36 months of probation. Subsequently, Decker pleaded guilty to three probation violations. The trial court, therefore, revoked his probation and sentenced him as a second-offense habitual offender, MCL 769.10, to 30 to 90 months' incarceration for the OWI-III conviction. Decker appeals now by delayed leave granted.[1] Because Decker was discharged from parole, we dismiss this appeal as moot.

## I. BASIC FACTS

At approximately 12:23 a.m. on June 25, 2017, Decker was driving on US 131 when he was stopped by a police officer because he had been repeatedly veering from the highway onto the rumble strips. He advised the officer that he did not have a license because he was behind on fees. The officer observed that Decker's eyes were bloodshot and that he emitted a strong odor of intoxicants, so he asked how much alcohol Decker had consumed. Decker initially stated that he had one beer at a restaurant. The officer then administered a number of sobriety tests, which Decker failed. At that time, Decker stated that he had consumed "two beers three hours ago."

---

[1] *People v Decker*, unpublished order of the Court of Appeals, entered January 8, 2021 (Docket No. 3555065).

The officer asked Decker to submit to a preliminary breath test (PBT), but Decker refused even after he was informed that, if he did not submit, he would receive a citation for the refusal. Thereafter, the officer arrested Decker, read him his chemical-test rights, and asked him to take a chemical breath test. Decker again refused, even after he was advised that the consequence of his refusal was that his license would be suspended. Eventually, the officer obtained a search warrant for a blood draw. Decker complied with the warrant and allowed his blood to be drawn. The subsequent analysis of his blood sample revealed that he had a blood alcohol content of "0.081 grams alcohol per 100 milliliters blood."

As noted above, Decker pleaded guilty to OWI-III, admitting that he had consumed "craft beer" prior to driving. Relevant to the issue raised on appeal, at sentencing, he challenged the score assessed for offense variable (OV) 19, arguing that his decision to refuse the PBT and the chemical breath test did not constitute interference with the administration of justice. The trial court disagreed and scored OV 19 at ten points. After Decker's probation was revoked and he was sentenced to 30 to 90 months' incarceration, Decker moved for resentencing or to withdraw his plea. He again asserted that OV 19 had been improperly scored because he had not hampered a "judicial process," and because his refusal to submit to the breath tests was protected by the Fourth Amendment to the United States Constitution. He also likened his refusal to submit to the breath tests as the equivalent of exercising his constitutional right against self-incrimination. Following a hearing, the trial court determined that OV 19 was properly scored on the basis of Decker's refusal to submit to the breath tests. This appeal by delayed leave granted follows.

## II. MOOTNESS

Decker argues that this appeal is not moot. He was paroled in January 2021, but remained under the supervision of the Department of Corrections until January 5, 2022. See *People v Holder*, 483 Mich 168, 173; 767 NW2d 423 (2009) (noting that a parolee remains in the legal custody and under the control of the Department of Corrections while he or she is on parole). However, a final order of discharge entered by the parole board "is a remission of the remaining portion of [a parolee's] sentence." *Id*. at 174 (quotation marks and citation omitted). Thus, the remainder of a prisoner's sentence is discharged if the "parolee faithfully perform[s] all the conditions of parole for the period fixed in the parole order and obey[s] all the rules and regulations adopted by the Parole Board as a condition precedent to the Parole Board's authority to enter a final order of discharge. *Wayne Co Prosecutor v Dep't of Corrections*, 242 Mich App 148, 156-157; 617 NW2d 921 (2000); MCL 791.242. As a result, as of January 5, 2022, the remainder of Decker's sentence was discharged, thereby rendering moot his challenge to the scoring of OV 19.

"An issue is deemed moot when an event occurs that renders it impossible for a reviewing court to grant relief." *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998). Generally, this Court will not review a moot issue. *Id*. However, this Court can review moot issues if they are "publicly significant, likely to recur, and yet likely to evade judicial review." *Barrow v Detroit Election Comm*, 305 Mich App 649, 660; 854 NW2d 489 (2014) (quotation marks and citation omitted). Here, although the current issue was certainly significant to Decker, it is not significant to the public in general. Moreover, although the issue may recur, it is not likely to evade judicial review. OV 19 is only one variable used in calculating a defendant's minimum sentence guidelines range. And, given that it is scored for all offenses, it is likely that it

will be scored for the same or similar conduct in a future case, thereby permitting judicial review under circumstances where the issue is not moot. As a result, we decline to review this moot issue.

Dismissed as moot.

/s/ Thomas C. Cameron
/s/ Michael J. Kelly